SCHACHT, Appellant, vs. QUICK, Respondent.

*September 12—October 10, 1922.*

*Automobiles: Use of highway: Examining or repairing automobile on left side of road: Negligence: Instructions: Burden of proof: Death: Inadequate damages.*

1. A traveler has the right to make reasonable use of the highway for examination or repairs of his automobile while traveling, and he may use the left-hand side of the road if he does not thereby unreasonably interfere with others.
2. Where deceased was killed by defendant's automobile while examining the engine of his car after having stopped on the left-hand side of a highway, the evidence is *held* to entitle the plaintiff to an instruction that it was not contributory negligence for deceased to stop on the left-hand side of the highway or to fail to go into a private driveway to examine his car.
3. Where the burden of proof is on plaintiff as to several questions and on defendant as to a question relating to contributory negligence, the better practice is to state under each question that the burden of proof is on the defendant or plaintiff, as the case may be, instead of using the terms "affirmative" or "negative."

Schacht v. Quick, 178 Wis. 330.

4. Where deceased, a man forty-one years old, in good health, earning about $1,800 a year, at least $1,200 of which he contributed to the support of his family, and with a life expectancy of twenty-seven years, left a widow thirty-nine years old with a life expectancy of twenty-nine years, and three boys and one girl, aged thirteen, ten, eight, and three years, an award of $1,800 was inadequate.

APPEAL from a judgment of the circuit court for Jefferson county: GEORGE GRIMM, Circuit Judge. *Reversed.*

On November 23, 1920, between 3 and 4 o'clock in the afternoon, Wm. H. Schacht, the husband of plaintiff, while driving west on a country highway had occasion to stop to examine or repair the engine of his car. He stopped the car on the south or left-hand side, and while standing at or near the right-hand side of the engine he was run into by the defendant, who was also traveling west, and was killed. The claim of plaintiff was that deceased was hit while standing close beside the engine of his car. The claim of defendant was that deceased was negligent because he suddenly stepped back from the engine just before he was hit; that he was negligent because he stopped on the left-hand side of the road to repair his engine, and that he was negligent because he did not enter a private road to make his repairs.

The jury found, omitting questions as to gross negligence, that (1) defendant was guilty of a want of ordinary care in operating his automobile at the time of the injury; (2) that such want of ordinary care was the proximate cause of Schacht's injuries; (3) that Schacht was guilty of a want of ordinary care which proximately contributed to his injuries; and (4) damages in the sum of $1,800. Upon such verdict the court entered a judgment dismissing the action with costs, and the plaintiff appealed.

For the appellant there was a brief by *Bottum, Hudnall, Lecher & McNamara* of Milwaukee, attorneys, and *Charles B. Rogers* of Fort Atkinson, of counsel, and oral argument by *F. L. McNamara.*

For the respondent there was a brief by *Lockney &*

*Lowry* of Waukesha and *Mistele & Smith* of Jefferson, and oral argument by *Henry Lockney* and *L. H. Smith*.

VINJE, C. J.   The issue as to the contributory negligence of the deceased was the pivotal one in the case and plaintiff was entitled to have it submitted to the jury with proper instructions both as to the law relative thereto and the burden of proof.   We have reached the conclusion that it was not so submitted and especially as to the law applicable to the issue.   It was claimed by the defendant during the trial and especially during the argument to the jury that the deceased was negligent because he stopped on the left-hand side of the road or because he did not go into a private driveway to examine or make repairs on his engine.   Neither claim has any basis in law.   A traveler has the right to make reasonable use of the highway for the examination or repairs of his car while traveling, and he is not confined to the right-hand side of the road.   He may use the left-hand side if he does not thereby unreasonably interfere with others.   *Smoak v. Martin,* 108 S. C. 472, 94 S. E. 869.

In the present case the evidence showed that the roadway was graveled for a width of about sixteen feet; that the deceased stopped near the left-hand edge of the graveled portion, thus leaving from eight to ten feet in width of graveled road on the right for the defendant to pass on.   This is admitted by the defendant.   He had therefore ample space in which to safely pass the deceased. The evidence shows that he saw him for a considerable distance before the collision; that he turned his car far enough to the right to come in contact with the softer edge of the gravel and then turned left diagonally and struck the deceased.   He claims the deceased stepped back two or three feet just before the impact, but it is almost a verity in the case that the left front hub of defendant's car struck the front fender of the standing car.   At least the spokes

of the wheel were snapped off and the fender shows the result of a serious impact from some solid substance. Under such circumstances it does not seem likely that deceased was struck because he stepped back, if he did step back, and the jury probably found him negligent because he stopped on the left-hand side of the road or because he did not enter a private road, neither of which, under the circumstances of this case, constituted negligence. The court was requested to so charge but it did not. The only instruction that at all related to the subject was contained in a portion of a general instruction which read:

"It is, under circumstances, entirely lawful to stop one's car on either the left or the right side of a public country highway when there is sufficient space left for safe passage for other vehicles and traffic is not impeded or imperiled thereby, but he who does so must be careful not to create a condition of danger for himself or others; and the drivers of passing vehicles have a right to assume that he will be on the lookout for passing cars."

This court has frequently criticised the giving of general instructions where a special verdict is submitted. Instructions as to the law of the case should be given under appropriate questions so that there can be no mistake on the part of the jury as to what questions they apply. Moreover, in this case plaintiff on the undisputed evidence was entitled to the requested instruction that it was not contributory negligence for the deceased to stop on the left-hand side of the road as he did, or to fail to go into a private driveway to examine his car. The instruction given if properly applied left it for the jury to say whether or not deceased was negligent in stopping on the left-hand side or in failing to enter a private road. As has been stated before, the probability that the jury found his negligence consisted in his stopping on the left side of the road or in not going into a private road is enhanced by the fact that they could not have found that his death was due to his suddenly step-

ping back as claimed by defendant, because if that had been so it is highly improbable that the two cars would have come in contact, since deceased was standing near the front of the car on the right-hand side of his engine. If the collision was caused solely by his stepping back the cars would not have come in contact with each other.

Under the verdict submitted the burden of proof was on the plaintiff as to questions 1, 2, 3, and 4, and on the defendant as to question 5 relating to contributory negligence. In instructing under question 3 the court said:

"The burden of proof as to this and the next two questions is also on the affirmative. So you will note that the burden of proof as to each of the first five questions of the special verdict is on the affirmative, and what I have said on that subject in connection with the first and second question applies with equal force to the five."

While this was technically correct it was confusing because of the fact that plaintiff had the affirmative of the first four questions and the defendant had the affirmative of question 5. The jury might well have had the impression that the burden of proof was upon the plaintiff as to all of the first five questions. The better practice is to state under each question that the burden of proof is upon the defendant or upon the plaintiff, as the case may be, instead of using the terms "affirmative" or "negative."

We do not hold that there is reversible error as to instructions on the question of the burden of proof, but as there must be a new trial for failure to give the instruction with reference to the right of the deceased to stop on the left-hand side of the road, we deem it best to call attention to the confusion that might arise were similar instructions repeated when the case is again tried.

The deceased was forty-one years old, in good health, earning about $1,800 a year, at least $1,200 of which was contributed to the support of his family, and his expectancy of life was about twenty-seven years. Plaintiff was thirty-

nine years old, in good health, and her expectancy of life was about twenty-nine years. They had four children, three boys and one girl, aged respectively thirteen, ten, eight, and three years. The jury awarded her $1,800 as damages. This we think was an inadequate assessment.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.