KABOTH, Respondent, vs. SCHREWE, Administrator, Appellant.

*March 8—April 11, 1933.*

*Oscar L. Wolters* of Sheboygan, for the appellant.
*Charles Voigt* of Sheboygan, for the respondent.

ROSENBERRY, C. J.   The first error assigned is that the court permitted the plaintiff to testify to the speed at which the automobile was traveling at and immediately prior to the time of the accident on the ground that the plaintiff was not a qualified expert.   The plaintiff did not testify as an expert but as a witness of the things which she attempted to describe.   The plaintiff had ridden with the deceased a number of times, had driven the car, and was familiar with the surroundings.   Whether or not she was qualified as an expert, she could testify to what she observed, the degree of her expertness going to the weight rather than the competency of her evidence.   *Hoppe v. Chicago, M. & St. P. R. Co.* 61 Wis. 357, 21 N. W. 227; 1 Wigmore, Evidence (2d ed.) p. 982, § 571.

The court instructed the jury as follows:

"Now, as to the burden of proof on any question to be answered 'Yes' or 'No.'   You are instructed that if the greater weight of evidence bearing on any question or subdivision of a question satisfies you to the point where you feel reasonably certain that the answer should be 'Yes,' it is then your duty to answer that particular question or sub-

division 'Yes.' If you are not so satisfied, your answer as to that question or subdivision is 'No.' "

As stated in *Schacht v. Quick*, 178 Wis. 330, 190 N. W. 87, "The better practice is to state under each question that the burden of proof is upon the defendant or upon the plaintiff, as the case may be." When the questions are framed as they were in this case so that the party who had the affirmative of the question had the burden of proof in respect to the facts inquired about, an instruction such as was given in this case is sufficient. When a party having the affirmative produces evidence which satisfies the jury to a reasonable certainty that the question should be answered "Yes," that party has carried the burden of proof. It adds nothing to the instruction to tell the jury so or upon which of the parties the burden rested.

The defendant's principal contention is that the court failed properly to submit to the jury the question of whether or not the accident in question was the result of negligence on the part of the driver, Schrewe, or whether it resulted from momentary disability of Schrewe due to a nervous seizure of some sort, to which the defendant claimed the driver Schrewe was subject. The court did submit the contention of the defendant in that regard by means of question 4, which was as follows:

"If you answer 'No' to all subdivisions of question 1, or all subdivisions of question 2, or all subdivisions of question 3, then answer this: At and immediately prior to the overturning of the automobile, did Henry Schrewe suffer from epilepsy, or dizziness, or a nervous disorder of such a nature as to prevent him from exercising the ordinary care specified in question 1 in the operation of his automobile?"

With respect to question 1 the court instructed the jury as follows:

"Now, gentlemen, if you find as a fact in this case that Mr. Schrewe, immediately before this car overturned—that is, at and immediately before this car turned into that creek

or gully,—that he was seized with an attack of epilepsy or dizziness, or that he then suffered with some nervous trouble which made it impossible for him to manage that car—that is, which made it impossible for him to use the care which he owed to Miss Kaboth,—and you find that his car overturned by reason of the fact that this man got a fit of epilepsy or dizziness, or some other nervous trouble with which he was suffering, and that that was the cause of the overturning of the car, then you must answer the three subdivisions of question 1 'No.' That is, if this man, immediately before that car overturned, had his reason affected to such an extent that it was impossible for him to manage that car, then, of course, there was no failure to exercise ordinary care on his part; and if you find that to be the fact, you must answer each subdivision of question 1 'No.' "

Having answered each subdivision of question number 1 "Yes," under the instructions of the court, the jury necessarily found that the defendant was not affected with epilepsy, dizziness, or nervous disorder. To have filled in the answers to question 4 would merely have been to repeat the findings made in response to question 1. In determining whether or not the deceased was negligent, the trial court properly required the jury to consider whether or not at the time of the accident he was temporarily mentally incompetent. The fact that the jury did not answer questions 4, 5, and 6, relating to the incompetency of the deceased, in no way prejudiced the defendant.

It is further argued that the damages are excessive. We have carefully reviewed the evidence and find no grounds upon which the verdict of the jury may be disturbed. Other errors are assigned which we have considered and do not find them prejudicial. They are not of sufficient importance to warrant separate discussion.

*By the Court.*—Judgment affirmed.