LESTER MARTS, Appellee, v. DON K. JOHN, Appellant.

No. 47239.

(Reported in 35 N. W. 2d 844)

FEBRUARY 8, 1949.

Jones & White, of Ottumwa, for appellant.

Charles Bookin, of Ottumwa, for appellee.

HAYS, J.—Suit for damages arising out of plaintiff's being struck by defendant's truck. There was verdict for plaintiff and defendant appeals, submitting two propositions as a basis for reversal. They are: (1) The plaintiff was guilty of contributory negligence as a matter of law (2) the trial court

erred in refusing to submit defendant's requested special interrogatory.

The facts so far as pertinent to the propositions urged, as disclosed by the record, are:

A county trunk road, known as the Blue Grass Road, runs between Ottumwa and Blakesburg in a general north-and-south direction. It is surfaced with crushed rock and is approximately 28 feet in width from shoulder to shoulder. At the place of the accident the road was straight for 178 feet north thereof. To cars going south the point of the accident was clearly visible for a distance of about 600 feet. On the date in question it was clear and visibility good.

Plaintiff was driving south toward Blakesburg. As he neared the place of the accident, he observed the Ralph Vandello truck approaching from the south. The occupant of the truck signalled the plaintiff to stop. Plaintiff pulled to the west side of the road and stopped. The Vandello truck pulled to the east side of the road and stopped. They were about opposite each other. Both plaintiff and the driver of the truck alighted and stood in the highway, near the truck. While they were thus standing, a car, known as the Zuehlke car, came from the north and passed between the parties and plaintiff's car. At this time the driver of the Vandello truck stepped upon the running board thereof, while plaintiff remained standing in the highway. Zuehlke stated: "As we went south between the car and the truck, we used the west beaten track. We might have favored the car on the west just a little, but very little. The east side of our car, the side closest to where Mr. Marts [plaintiff] was standing, I would judge was 10 to 11 feet from Mr. Marts as we passed." After the Zuehlke car passed, Vandello suggested he should drive his truck forward and plaintiff said, "There is 18 to 20 feet. There is plenty of room—no use to move your truck * * *."

Within a minute or two thereafter the defendant's truck came from the north. He observed plaintiff's car, the Vandello truck, and plaintiff standing with his arm over the bed of the truck, his back to the highway. He states, "As I was slowing up, he [Marts] stepped up to the truck as a signal

for me to come through." Defendant's truck was 7 feet 8 inches wide on the outside. He stated that it was his judgment that the left side of the truck was 2½ to 3 feet from Marts and the right side of the truck, and 6 inches to a foot from the Marts car. As he went through he heard a thud and stopped, and then found that plaintiff had been struck and injured. Plaintiff states that he did not see defendant's truck until it was even with the Vandello truck and that it was on the east side of the road. There is a dispute in the record as to the distance between the car and the truck as they were parked on the highway. Plaintiff's witnesses place it at "18 or 20 feet" while defendant's go as low as "10 to 11 feet."

Appellant asserts plaintiff was guilty of contributory negligence as a matter of law and bases it upon two propositions: (a) violation of section 321.354, Code of 1946, and (b) voluntarily placing himself in a hazardous position without proper care for his safety.

I. Section 321.354 provides:

"Upon any highway outside of a business or residence district no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled part of the highway when it is practical to stop, park, or so leave such vehicle off such part of said highway, but *in every event a clear and unobstructed width of at least twenty feet of such part of the highway opposite such standing vehicle shall be left for the free passage of other vehicles* and a clear view of such stopped vehicle be available from a distance of two hundred feet in each direction upon such highway." (Italics added.)

It is the italicized portion of this statute that is involved here.

In determining this question the evidence must be viewed in the light most favorable to the plaintiff-appellee. The rule is well established in this state that violation of statutes commonly referred to as "the law of the road" constitutes negligence per se (except as to section 321.298, which is not applicable here).

■ Under the record, giving to appellee a most favorable construction, there were 18 or 20 feet between the truck and the car, but, assuming that the distance was, as placed by appellant's witnesses, as 10 or 11 feet, and assuming that it constituted negligence per se upon appellee's part, still unless such negligence contributed in a direct manner to the injury, such negligence would not bar a recovery.

It appears without dispute that the Zuehlke car passed between the truck and car with room to spare. Appellant testified that there were 2 to 3 feet between his truck and where appellee was standing. Under this record the question of whether the violation of the statute—assuming such, but not determining—contributed directly to the injury was clearly one for the jury to decide.

II. Appellant further contends that appellee was guilty of contributory negligence as a matter of law in assuming a hazardous position and remaining there either with full knowledge of the danger or without maintaining any lookout whatever for his safety. In Smith v. Spirek, 196 Iowa 1328, 1333, 195 N. W. 736, 739, there was a somewhat similar situation. There plaintiff's decedent was standing in the highway talking to the occupant of a car. He was struck by a car approaching on the highway. Defendant contended that decedent stepped directly in his path. The court said:

"Decedent had a lawful right to stand in the public highway, under the circumstances disclosed by this record. Neither pedestrian nor auto driver is called upon to anticipate negligence on the part of the other. Each is bound to exercise ordinary care, under the circumstances. It cannot be said, as a matter of law, that the decedent was on an unsafe part of the highway, or that he was negligent per se in being where he was."

The question of contributory negligence was properly one for the jury.

III. Appellant's last proposition is that the trial court committed error in refusing to submit a requested special interrogatory to the jury. The requested interrogatory is: "What do you find to have been the distance in feet and/or inches between

the west side of the Vandello truck and the east side of the Marts car at the time of the accident?"

Rule 206, Rules of Civil Procedure, relied on by appellant provides: "The jury in any case in which it renders a general verdict may be required by the court, and must be so required on the request of any party to the action, to find specially upon any particular questions of fact * * *." The rule is clear and founded on sound reason that such special interrogatory need not be given, even though requested, unless the question submitted is determinative of some ultimate fact involved in the right to recover. Farr v. Mackie Motors Co., 193 Iowa 954, 186 N. W. 52; Woodard v. Chicago, R. I. & P. Ry. Co., 193 Iowa 516, 185 N. W. 978. As stated in Division I hereof an answer to this question would have determined nothing, so far as the ultimate question is concerned. There being no error, the judgment of the trial court is affirmed.—Affirmed.

All JUSTICES concur.