CHARLES W. MUNDY, appellee, v. FRANCIS W. OLDS, appellant.

No. 50236.

(Reported in 109 N.W.2d 241)

May 2, 1961.

Johnson & Johnson, of Knoxville, for appellant.

McMullen, Test & Baird, of Des Moines, for appellee.

HAYS, J.—Plaintiff was struck and injured by a car being driven by defendant. A jury returned a verdict for plaintiff. Plaintiff moved for a new trial, asserting inadequate damages; the defendant moved for judgment notwithstanding the verdict, alleging contributory negligence as a matter of law. Defendant's motion was overruled. Plaintiff's motion was sustained and a new trial granted. Defendant appeals.

It is conceded the verdict is inadequate if defendant is legally liable, and this appeal is based solely upon the issue of contributory negligence.

The accident happened about 7 p.m., February 1, 1959, on Highway No. 14, just south of the Knoxville city limits. This highway, at the place in question, has a 20-foot slab of concrete and shoulders 8 to 10 feet wide. There are no curbs. The highway runs generally north and south. Plaintiff, with his wife and infant child, were driving north and at the place of the accident his car ran out of gas. Observing a car approaching from the south, plaintiff got out of his car along the west side of it and attempted to stop this approaching car. It did not stop and, in passing, it sideswiped the car and struck plaintiff.

I. Appellant asserts error in the failure of the trial court to sustain his motion for a judgment notwithstanding the verdict, upon the ground that plaintiff, by placing himself in a known place of danger, was guilty of contributory negligence as a matter of law.

There is a sharp conflict in the record as to where appellee was at the time he was struck. It appears that there was a bank of snow on the shoulder, some 8 to 10 feet from the edge of the pavement, placed there by the removal of snow from the pavement. It seems to be agreed that appellee's car was so close to this snow that the right-hand door could not be opened. Appellee and his wife state that the car was entirely off of the pavement, and that when he got out of the car and stood by its side, in his attempt to stop defendant's car, he was at all times off of the pavement. The appellant and a deputy sheriff, called to the scene of the accident, state that the car was from a third to a half of its width out on the paved portion of the highway.

 Upon appeal the record is viewed in light most favorable to the one against whom the appeal is taken. Schwind v. Gibson, 220 Iowa 377, 260 N.W. 853; Gates v. City of Des Moines, 240 Iowa 775, 38 N.W.2d 96. Under this view of the record, appellant concedes we must assume that both plaintiff and his car were off the edge of the paved slab. He contends, however, that, under existing facts, he clearly placed himself in a place of danger and failed to exercise due care for his own safety. The record shows the night was dark and the pavement covered with ice. Appellee, as he stood by his car, carried no light and knew that the defendant's car was approaching at a speed of 55 to 60 miles per hour, according to his own statement, yet he made no effort to seek a place of safety.

 No statutory violation is alleged by appellant and we find no violation of sections 321.354 and 321.355, Code of 1958, both of which deal with stopping upon a highway. Whether or not appellee, in view of the conflict in the testimony, exercised due care under the circumstances for his personal safety presents a question upon which reasonable minds might well differ. There is substantial proof in the record supporting each party in his contention. It was clearly a fact question for the jury and this court on appeal will not reweigh the evidence and substitute its opinion for that of the jury. Schoonover v. Fleming, 239 Iowa 539, 32 N.W.2d 99; L & W Constr. Co. v. Kinser, 251

Iowa 56, 99 N.W.2d 276. Fortman v. McBride, 220 Iowa 1003, 263 N.W. 345, cited by appellant, contains an excellent discussion on contributory negligence, but due to the different factual situation is of little assistance here.

■ II. Error is also asserted in that appellee was guilty of contributory negligence as a matter of law for failure to have proper lights as required by section 321.387, Code of 1958. It may be conceded that a violation of said section would be negligence per se, but it does not necessarily follow that such negligence contributed to the injuries so as to bar a recovery.

The record shows a conflict of testimony upon this question. It is appellant's contention that appellee failed to have lighted rear lamps plainly visible from a distance of 500 feet to the rear of said car. It is conceded that the lights on appellee's car were light, the claim being that they were not of sufficient strength to be seen at that distance. Appellee, when questioned as to his lights, stated they were "just like any taillight. Mine was not any brighter or any dimmer, just like any other taillight." Appellant states as he approached appellee's car, say 50 feet or maybe 75, he first saw it. He did not then see the rear lights. After the accident he states he walked back to where a flare was put out, about 100 feet, and could not see it. He states only one rear light was visible as the sheriff's car was between him and appellee's car and blocked off one light. The testimony of the deputy sheriff is very similar and no one claims to have tried to observe it from a 500-foot distance. There is testimony that the lenses on the lamps were dirty. The trial court held there was a jury question as to the sufficiency of the lights and also as to whether the insufficient lights, assuming them to be such, contributed to the accident, such being greatly dependent upon the location of appellee's car upon the highway. We agree. See Daggy v. Miller, 180 Iowa 1146, 162 N.W. 854.

While other matters are asserted by the appellant in this connection, we have examined them and feel they merit no discussion.

The judgment of the trial court granting a new trial should be and is affirmed.—Affirmed.

All JUSTICES concur.