FIGGE AUTO CO., a Co-Partnership, and Greg Figge, Individually, and Lloyd H. Strand, Administrator of the Estate of Cyril R. Figge, Deceased, Appellants,

v.

David James TAYLOR, by Mrs. Arlene Taylor, His Mother and Next Friend, Appellee.

No. 17393.

United States Court of Appeals Eighth Circuit.

Jan. 7, 1964.

Arthur H. Jacobson, Waukon, Iowa, James D. Bristol, Waukon, Iowa, Jacobson & Bristol, Waukon, Iowa, of counsel, for appellants.

Ira J. Melaas, Jr., Decorah, Iowa, Frank R. Miller and Floyd S. Pearson, Decorah, Iowa, Miller, Pearson & Melaas, Decorah, Iowa, for appellee.

Before VOGEL, BLACKMUN and RIDGE, Circuit Judges.

VOGEL, Circuit Judge.

David James Taylor, by his mother and next friend, brought this action against Figge Auto Company, a co-partnership, and Cyril R. Figge and Greg Figge, co-partners, individually, defendants, and Lloyd H. Strand, Administrator of the estate of Cyril R. Figge, deceased, substituted defendant. All parties will be designated here as they were in the court below. Plaintiff sought money damages because of personal injuries sustained by him as the result of an automobile accident. Diversity of citizenship and amount meet federal court jurisdictional requirements.

The case was tried to a jury and resulted in a verdict in plaintiff's favor in the amount of $22,509. Defendants appealed from the judgment based upon the jury verdict. Error is predicated upon:

1. The District Court's overruling defendants' motions for directed verdict and for judgment notwithstanding the verdict.

2. The District Court's overruling defendants' motion to clarify a pre-trial order with reference to $1,509 medical expense and the inclusion of such amount in the jury's verdict. It is defendants' contention that because plaintiff was a minor, the right to recover for medical expenses would be owned by his parents

and testimony regarding such expense was therefore irrelevant in this action.

The first claim of error is based mainly upon defendants' contention that the plaintiff was guilty of contributory negligence as a matter of law, that he therefore failed to sustain the burden of proving freedom from contributory negligence (a requirement under the law of Iowa) and, further, that the driver of the defendants' car was not guilty of negligence. As in practically all tort cases, there are here conflicts in the evidence and disputes between witnesses and parties, from which tangled web it was the duty of the jurors, as the finders of the facts, to ascertain and to declare the truth. This they have done as they saw it. That was their responsibility. This as an appellate court, in ruling upon the correctness of the trial court's overruling a motion for a directed verdict and a motion for judgment notwithstanding the verdict, must view the evidence in the light most favorable to sustaining the jury's findings. We must also give to the prevailing party the benefit of every reasonable inference that may be drawn from the evidence. MacDonald Engineering Co. v. Hover, 8 Cir., 1961, 290 F.2d 301; Clinton Foods, Inc. v. Youngs, 8 Cir., 1959, 266 F.2d 116, 117–118; Nesci v. Willey, Iowa, 1956, 247 Iowa 621, 75 N.W.2d 257, 259; Gowing v. Henry Field Co., 1938, 225 Iowa 729, 281 N.W. 281, 283; and Goman v. Benedik, 1962, 253 Iowa 719, 113 N.W.2d 738, wherein the Supreme Court of Iowa stated, at page 739 of 113 N.W.2d:

" * * * It is not disputed by appellant, that we must view the evidence in the light most favorable to plaintiff; that it is only the exceptional case in which the issue of freedom from contributory negligence should not be submitted to the jury—only where such negligence is so palpable, flagrant and manifest that reasonable minds may fairly reach no other conclusion; that if there is any evidence tending to establish plaintiff's freedom from contributory negligence, the question is one of fact for the jury and doubts should be resolved in favor of such submission."

As Judge John Sanborn said in Glawe v. Rulon, 8 Cir., 1960, 284 F.2d 495, 497:

"It must be kept in mind that this Court will not concern itself with doubtful issues of fact which were for the jury nor with doubtful issues of local law as to which the trial court has reached a permissible conclusion. Webb v. John Deere Plow Co., Inc., 8 Cir., 260 F.2d 850, 852. In that case we said (at page 852): 'Personal injury cases such as this are essentially fact cases, and it is rarely that a party aggrieved by the verdict of the jury can, on appeal, successfully visit his grievance against the jury upon the trial court.' See, also, Greene v. Werven, 8 Cir., 275 F.2d 134, 137–138. It seems safe to say that as a general rule the verdict of the jury marks the end of such a case."

See Minnesota Mutual Life Ins. Co. v. Wright, 8 Cir., 1963, 312 F.2d 655; Gulf, Mobile & Ohio R. Co. v. Thornton, 8 Cir., 1961, 294 F.2d 104; Hanson v. Ford Motor Co., 8 Cir., 1960, 278 F.2d 586; and Greene v. Werven, 8 Cir., 1960, 275 F.2d 134.

Having these rules in mind and notwithstanding that there is evidence to the contrary, the record indicates and the jury could have found and undoubtedly did find the following: The accident occurred on August 14, 1960, at about 12:30 in the morning on a highway between the towns of Calmar and Ossian, Winneshiek County, Iowa. The main traveled portion of the highway was concrete pavement eighteen feet in width and running in an east-west direction. There was an asphalt strip on the south shoulder of the concrete some twelve to eighteen inches wide. The grass shoulder on the south side of the highway measured from eight to eight and one-half feet. The shoulder on the north side of the highway measured approximately seven and a half feet in width.

There was a slight drizzle of rain at the time. The plaintiff, then 17 years of age, (20 years old at the time of trial), accompanied by his father, the owner of the car, his mother and four younger sisters and a brother, was driving in an easterly direction on the highway when the left tire on a trailer the family car was pulling went flat. Plaintiff drove the car and trailer off onto the south shoulder of the highway two to three feet from the main traveled portion of the road. Plaintiff and his father unhooked the trailer from the automobile and the plaintiff prepared to change the . tire on the trailer. In the meantime, his father took the car, drove on farther east to a point where he could turn around, which he did, returned to the scene of the accident, and parked his car on the south shoulder of the highway facing west with the headlights shining upon the trailer. The lights were on low beam. Plaintiff began working on the wheel and tire of the trailer. While he was doing so, at least three cars approached from the west going east and passed them safely without any incident whatsoever. At this time Cyril R. Figge,[1] accompanied by his wife, minor son and two minor daughters, was enroute home to Ossian, Iowa, having left Pine Bluff, Wyoming, the morning of August 13, 1960. He was traveling in an easterly direction. There is credible evidence supporting the view that he was traveling at a high rate of speed estimated at 60 to 70 miles per hour; that as he came over a slight rise in the highway approximately 700 feet west of the Taylor vehicles, he saw the headlights of the Taylor car and said to his wife, "I just can't understand what is ahead of us." As he approached the Taylor vehicles, he swung to his right onto the south shoulder, striking the plaintiff, the parked and disabled trailer and knocking the Taylor car backward across the highway and into the ditch on the north side. There is substantial evidence in the record supporting the jury's

finding that Cyril R. Figge was guilty of negligence which was a proximate cause of the accident. It requires no detailed discussion.

Under the law of Iowa the plaintiff in such a case as this must plead and prove freedom from contributory negligence before he may recover. Scott v. Chicago, Rock Island & Pacific R. Co., 8 Cir., 1952, 197 F.2d 259, 260; Fort Dodge Hotel Co. of Fort Dodge, Iowa, v. Bartelt, 8 Cir., 1941, 119 F.2d 253, 258; Paulsen v. Haker, 1959, 250 Iowa 532, 95 N.W.2d 47, 55. It is also the law of Iowa, and so conceded by counsel for the defendants, that the negligence of the father is not attributable to his minor child, so that here, if the plaintiff's father was guilty of negligence, that fact in itself does not establish that the plaintiff was guilty of negligence by imputation. See Wheatley v. Heideman, 1960, 251 Iowa 695, 102 N.W.2d 343, at page 353 of 102 N.W.2d; Primus v. Bellevue Apartments, 1950, 241 Iowa 1055, 44 N.W.2d 347, 25 A.L.R.2d 565; Ives v. Welden, 1901, 114 Iowa 476, 87 N.W. 408. The main, if not the only question regarding liability is whether the jury's finding that plaintiff was not guilty of contributory negligence is supported by the evidence or if such finding is so contrary to the conclusion which would be reached in the minds of reasonable men that it must be set aside as a matter of law.

Plaintiff himself has no recollection of the collision. He does recall three cars approaching from the west and passing him without interference as he worked on the tire. His last recollection is of turning around and attempting to wash some grease from one of his hands. He was on the shoulder of the highway.

While aside from general rules of law which have been referred to, these cases generally speaking must be determined on a case-to-case basis. Nevertheless, the Supreme Court of Iowa, by whose decisions we are herein bound, has

---

1. Both plaintiff's father and Cyril R. Figge, driver of the Figge car, became deceased subsequent to the accident and before trial in the District Court. Neither death is connected with this accident.

had occasion to pass upon fact situations not too dissimilar from that with which we are here concerned and in doing so has laid down guide lines to assist in determining this one. Such a case is Hanson v. Manning, 1931, 213 Iowa 625, 239 N.W. 793. The accident there occurred on an east-west highway at about 5:30 p. m. November 20, 1929. It was dark. Plaintiff was a guest in a car which had been headed east and was stopped on its right or south side of the highway about one and one-half feet from the south edge of the main traveled portion thereof and so stopped in order to repair a left rear tire. A service car, facing west, was backed within ten to fifteen feet of the disabled car. The road was dry and straight. A light from the rear of the service car furnished light between the two cars where the repairmen were working. Defendant's car came from the west, passed the service car on the south side, striking the open front door of the disabled car and hitting the plaintiff as he was facing north and about to get into the car from the right side. Defendant's was the only car that evening that tried to pass to the south of the vehicles. All other traffic had passed on the north side without incident. Because of erroneous instructions, the Supreme Court reversed a jury's verdict and judgment for the defendant and directed a new trial. In doing so, the court stated at pages 796 and 797 of 239 N.W.:

"Negligence is a relative term. Both plaintiff and defendant were bound to exercise ordinary or reasonable care. Whether either or both have done so depends on the circumstances of the case. When from the facts and circumstances reasonable minds might come to different conclusions as to whether ordinary care was exercised or not, the question is for the jury. Wine v. Jones, 183 Iowa, 1166, 162 N.W. 196, 168 N.W. 318; Vass v. Martin, 209 Iowa, 870, 226 N.W. 920; Spiker v. Ottumwa, 193 Iowa, 844, 849, 186 N.W. 465.

"Plaintiff, or rather the owner of the car, had the right to stop, using reasonable care, and the owner and his employees had the right to make repairs and to use the highway in reasonable manner, exercising reasonable care, for that purpose. They were not trespassers, though they might have been negligent. Schacht v. Quick, 178 Wis. 330, 190 N.W. 87, 25 A.L.R. 130. Presence on one side of the street or the other is not per se negligence. Dickeson v. Lzicar, 208 Iowa, 275, 225 N.W. 406; Simrell v. Eschenbach, 303 Pa. 156, 154 A. 369; Billingsley v. McCormick Transfer Co., 58 N.D. 913, 228 N.W. 424, 426; Schacht v. Quick, 178 Wis. 330, 190 N.W. 87, 25 A.L.R. 130.

\*　\*　\*　\*　\*　\*

"The defendant in argument assumes that the lights of the repair truck blinded or deceived defendant, and that defendant did not know that the repair truck was standing still and was deceived into thinking that the repair truck was a moving car. Defendant assumes that defendant did not see the truck or tower light or observe that a car was stationed in the rear of the truck, and assumes that defendant did not know, and in the exercise of reasonable care would not have known, that persons were or might be standing about the truck and car and in peril from his automobile. These matters were for the jury, not for the court.

"*Plaintiff was not required as matter of law to keep a constant lookout for approaching vehicles. He was only required to exercise ordinary care. Whether he did so or not is a question of fact for the jury.* Wine v. Jones, 183 Iowa, 1166, 1170, 162 N.W. 196, 168 N.W. 318; Spiker v. Ottumwa, 193 Iowa, 844, 849, 186 N.W. 465; Smith v. Spirek, 196 Iowa, 1328, 1333, 195 N.W. 736; 42 C.J. 1135. (Emphasis supplied.)

\*　\*　\*　\*　\*　\*

"* * * Plaintiff was not required to anticipate negligence on the part of the drivers of approaching vehicles. Id.; Shields v. Holtorf, 199 Iowa, 37, 201 N.W. 63; Pixler v. Clemens, 195 Iowa, 529, 532, 191 N.W. 375; 45 C.J. 954."

Another such case is Janes v. Roach, 1940, 228 Iowa 129, 290 N.W. 87. There a stalled Chevrolet was parked facing west on the north shoulder of a generally east-west highway, with the left rear tire on the pavement. Plaintiff was driving a truck in the opposite direction. He passed the Chevrolet and then parked his truck on his right or south shoulder of the pavement, leaving the headlights lighted. Plaintiff left his truck, crossed the highway and was standing in front of the stalled Chevrolet. Defendant, traveling in the same direction as that in which the Chevrolet had been traveling and opposite to that in which plaintiff's truck had been traveling, ran into the rear of the Chevrolet, which struck the plaintiff, causing injuries which were the basis of his cause of action. In sustaining a judgment based on a verdict of the jury in plaintiff's behalf, the Supreme Court of Iowa said, at page 90 of 290 N.W.:

"The contention that appellee was guilty of contributory negligence as a matter of law is without merit. *He was not standing upon the travelled portion of the highway and was not required, as a matter of law, to keep a constant lookout for vehicles approaching upon the pavement or to anticipate that another automobile would be driven against the rear of the Chevrolet. He was only required to exercise ordinary care. Whether or not he did so was a question for the jury.* Hanson v. Manning, 213 Iowa 625, 239 N.W. 793; Townsend v. Armstrong, 220 Iowa 396, 260 N.W. 17. The court also instructed the jury that the parking of appellee's truck on the opposite side of the highway unattended, with motor running and without proper flares, would constitute negligence and submitted to the jury the question of whether or not such negligence contributed to the accident. No reversible error appears in either of said instructions." (Emphasis supplied.)

See, also, Marts v. John, 1949, 240 Iowa 180, 35 N.W.2d 844, 846, and Engle v. Nelson, 1935, 220 Iowa 771, 263 N.W. 505, citing with approval the Hanson case, supra, and stating at page 508 of 263 N.W.:

"* * * In that case we held that the 'plaintiff was not required * * * to keep a constant lookout for approaching vehicles. He was only required to exercise ordinary care. Whether he did so or not is a question of fact for the jury.'"

The principle that it is for the jury to determine whether or not the plaintiff exercised the standard of care required of him was recently reiterated by the Supreme Court of Iowa in Mundy v. Olds, 1961, 252 Iowa 888, 109 N.W.2d 241, 242:

"* * * Whether or not appellee, in view of the conflict in the testimony, exercised due care under the circumstances for his personal safety, presents a question upon which reasonable minds might well differ. There is substantial proof in the record supporting each party in his contention. It was clearly a fact question for the jury and this Court on appeal will not reweigh the evidence and substitute its opinion for that of the jury. Schoonover v. Fleming, 239 Iowa 539, 32 N.W.2d 99; L. & W. Const. Co. v. Kinser, 251 Iowa 56, 99 N.W.2d 276."

Defendants rely heavily on Denny v. Augustine, 1937, 223 Iowa 1202, 275 N.W. 117, and Fortman v. McBride, 1935, 220 Iowa 1003, 263 N.W. 345. Each is clearly distinguishable on the facts and is of no help to defendants herein. Other cases cited have been considered and found not to be applicable. We conclude that on defendants' first point, a jury question as to contributory negligence was presented and that the trial court properly overruled the motion

for a directed verdict and the motion for judgment n. o. v.

Defendants' second point questions the propriety of allowing the jury to include in the verdict the amount of the plaintiff's medical expense. In plaintiff's complaint, he sought recovery for medical and hospital expense attributable to his injuries in the amount of $1,693.37. No particular point of the fact that the plaintiff was a minor was made in the defendants' answer. After a pre-trial conference held on September 18, 1961, before the Honorable John W. Delehant, United States District Judge sitting by assignment, the following order was made:

"The admissions of fact or of documents which will avoid unnecessary proof:

"b) After discussion between counsel, counsel for the defendants agreed to waive the foundation for the introduction in evidence upon the trial of statements or bills for items of expense for which claim is made by the plaintiff but with the understanding that the defendants reserve the right to object to the admission of any such statement or bills in evidence on the ground of relevancy or materiality."

On November 21, 1962, the attorneys for the parties reported to the court on what apparently was a "preliminary pre-trial conference", in which they stated:

"11. The following medical and hospital bills have been identified in pencil as preliminary pre-trial exhibits:

"*Preliminary Pre-Trial Exhibit Numbers*

1. French's Funeral Home, ambulance service .... $    15.00
2. Smith Memorial Hospital, hospital expense    1,191.87
3. Garfield Miller, M. D., medical .............    390.00
4. D. W. Wright, M. D. ..     10.00
5. E. R. S. Wyatt, medical     50.00
6. Kitchener-Waterloo Hospital ............     44.00

"Defendants agree to waive the foundation for the introduction in evidence upon the trial of the above exhibits but with the understanding that the defendants reserve the right to object to the admission of any such exhibit on the ground of relevancy or materiality. Defendants agree that the amounts stated in the various exhibits above set forth are fair and reasonable values for the services for which the charges are made. The foregoing exhibits are retained in the file of the plaintiff's attorney and will be produced upon pre-trial conference.

"29. The parties call the Court's attention to the pre-trial conference report made by the Hon. John W. Delehant on September 18, 1961."

On January 31, 1963, the Honorable Edward J. McManus, to whom the preliminary pre-trial conference report had been presented, made the following "Final Pre-Trial Order":

"1. * * * It is further *stipulated that as a result of injuries received in the collision, plaintiff sustained damages for medical and hospital expenses in the total sum of $1,509.00* and that a person the age of plaintiff at the time of trial has a life expectancy of 50.37 years. It is further stipulated that *plaintiff sustained hospital and doctor expenses in the sum of $191.87 as a result of mononucleosis,* but the defendant objects to its causal connection with the collision." (Emphasis supplied.)

On April 22, 1963, the day the case opened for trial before a jury, defendants' counsel filed a motion to clarify the final pre-trial order entered January 31, 1963, supra. The motion was resisted by plaintiff's counsel. Judge McManus overruled defendants' motion, stating, *inter alia:*

"In view of the stipulation and the final pre-trial order of January 31, 1963, the Court is going to, and does, overrule the motion to clarify the final pre-trial order with the feeling that the interest of justice

dictates the decision under the circumstances of the case."

During trial and just before the plaintiff rested, plaintiff's counsel, without objection by the defendants, read the following stipulation into the record before the jury:

"Mr. Melaas: The parties stipulate and agree that on August 14, 1960, at 12:30 A.M., a collision occurred between an automobile being driven and operated by Cyril R. Figge and certain motor vehicle equipment with which the plaintiff was working, and that as a direct result of such collision plaintiff was injured. It is further agreed that at such time and place the Corvair automobile operated by Cyril R. Figge was owned by the Figge Auto Company, a partnership consisting of Cyril R. Figge and Gregg Figge as co-partners, and that at the time of the collision the defendant, Cyril R. Figge, who is now deceased, was driving the automobile with the consent of its owner.

"It is further stipulated—I should read about the medical.

"The Court: Now this paragraph of the stipulation covers the matters in your medical and hospital bills, Exhibits Q to U, inclusive, and this will be for the particular benefit of the jury as far as the totals involved are concerned.

"Mr. Melaas: *It is further stipulated that as a result of the injuries received in the collision, plaintiff sustained damages for medical and hospital expense in the total sum of $1509.00,* and that a person the age of the plaintiff at the time of trial has a life expectancy of 50.37 years.

"It is further *stipulated that plaintiff sustained hospital and doctor expenses in the sum of $191.87 as a result of mononucleosis, but the defendants object to its causal connection with the collision.* The Court has sustained defendants' objection to the hospital and doctor expenses in the sum of $191.87 that

are attributable to the mononucleosis. The Court has admitted into evidence the bills totalling $1509.00 for the medical and hospital expense as stipulated to by the parties." (Emphasis supplied.)

In charging the jury, the trial court stated:

"Plaintiff alleges that by reason of his claimed injuries, proximately resulting from the accident involved in this case, he has sustained general damages in the sum of $75,000.00 and has lost an additional sum of $1,693.37 on account of medical and hospital expenses."

No exception was taken to such charge. During their deliberations the jurors sent a note to the trial judge as follows:

"Does the amount to be placed on the face of the verdict include the medical expenses.

"Example: of his recovery at $40,000.00 or $41,509.00.

"This is just an example attach no significance to figures.

"Mr. A. P. DeLong,
Foreman."

The court gave the following supplemental instruction, to which no exception was taken:

"In answer to your request for supplemental instruction, you are instructed that the amount to be placed on the form of the verdict should include the medical expense, if the jury finds the plaintiff is entitled to recover."

The verdict was for $22,509, obviously giving the plaintiff $1,509 medical expense incurred by reason of the accident and excluding the $191.87 medical expense attributed to mononucleosis, to which defendants had particularized objections while stipulating that " * * * plaintiff sustained damages for medical and hospital expenses in the total sum of $1,509.00."

We think the following matters are supportive of our opinion that no error has been committed: (1) The fail-

ure of defendants' counsel to object to the reading of the stipulation before the jury during the trial of the case; (2) the failure of defendants' counsel to object to the court's charge with reference to the medical expense; and (3) the failure of the defendants' counsel to object to the supplemental instruction with reference to medical expense. Under Rule 51 of the Federal Rules of Civil Procedure, 28 U.S.C.A., no party may assign as error the giving or failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection.

With reference to possible exceptions to the applicability of Rule 51, Federal Rules of Civil Procedure, 28 U.S.C.A., Vol. 2B, Barron and Holtzoff, Federal Practice and Procedure, 1961 edition, states at page 475:

 " * * * If there is to be a plain error exception to Rule 51 at all, it should be confined to the exceptional case where the error has seriously affected the fairness, integrity, or public reputation of judicial proceedings."

We do not consider this such a case but, rather, that if there was error at all, it was harmless error within the provisions of Rule 61, Federal Rules of Civil Procedure, 28 U.S.C.A.

Additionally, it should be pointed out that at the time of trial plaintiff was earning $67 a week as a technician for the Naugatauk Chemicals; that he was also operating the family farm; and that he was raising rabbits commercially. It may well be that he had himself paid the medical expenses or had promised to pay for them. Furthermore, under Section 599.2 of the Iowa Code Annotated there could well be a secondary liability on the plaintiff even though he was a minor at the time of trial. In any event, the stipulation entered into by the parties through their counsel to the effect that " * * * *plaintiff sustained damages for medical and hospital expenses in the total sum of $1,509.00*"

(emphasis supplied) and their particularization in the stipulation with reference to their objections to the $191.87 expense for mononucleosis because it was not connected with the accident, may very well have led counsel into believing, as we think it did, that no proof of payment or obligation to pay or further establishment of personal liability on the part of the plaintiff himself was necessary. For all of the reasons given, we believe that the inclusion in the general verdict of the stipulated $1,509 medical expense as damages sustained by the *plaintiff* "as a result of injuries received in the collision" was not error but was substantial justice.

Affirmed.