Isaac HORACE, Administrator of Estate of Sadie Horace, Deceased, Appellant,

v.

ST. LOUIS SOUTHWESTERN RAIL-ROAD COMPANY, Appellee.

No. 73–1396.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 16, 1973.

Decided Jan. 2, 1974.

G. E. Snuggs, El Dorado, Ark., for appellant.

John G. Lile, Pine Bluff, Ark., for appellee.

Before VAN OOSTERHOUT and MOORE *, Senior Circuit Judges, and WEBSTER, Circuit Judge.

WEBSTER, Circuit Judge.

In this appeal, appellant challenges the order of the District Court denying his motion pursuant to Fed.R.Civ.P. 60(b) for relief from an adverse final judgment. Appellant's wife, Sadie Horace, was fatally injured when the car she was driving was struck by a locomotive operated by appellee. As administrator of his wife's estate, appellant brought a wrongful death action against the railroad company in the United States District Court for the Western District of Arkansas, in which the accident occurred, alleging that the railroad was negligent in not maintaining its crossing warning device and in operating a fast train when such device was

* Honorable LEONARD P. MOORE, Senior Circuit Judge, Second Circuit, sitting by designation.

not in operation. Diversity jurisdiction was based upon 28 U.S.C. § 1332(a)(1). The case was tried to a jury which returned a verdict in favor of appellee.

No appeal was taken from the judgment entered April 20, 1972. The final order denying appellant's motion for a new trial was filed October 6, 1972. On March 5, 1973, appellant filed a motion for relief from judgment pursuant to Rule 60(b), Federal Rules of Civil Procedure, citing specifically subsections (1), (3) and (6). On May 7, 1973, Judge Harris denied the motion, and this appeal was timely taken from that order. We affirm.

■ Rule 60(b)[1] is addressed to the sound discretion of the trial judge and is not available as a substitute for appeal. Hoffman v. Celebrezze, 405 F.2d 833 (8th Cir. 1969). It provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances. Id. at 835; Farmers Co-operative Elevator Association Non-stock of Big Springs, Neb. v. Strand, 382 F.2d 224, 232 (8th Cir.), cert. denied, 389 U.S. 1014, 88 S.Ct. 589, 19 L.Ed.2d 659 (1967). The claim for extraordinary relief in this case is based upon the assertion that the charge to the jury contained fundamental error. Under the circumstances of this case, Rule 60(b) cannot properly be invoked for the purpose of extending the time for appeal which had already expired. Hoffman v. Celebrezze, supra, 405 F.2d at 837.

At the trial, appellee presented undisputed testimony that the train was proceeding at a speed of 25 miles per hour when the engineer observed Mrs. Horace approaching the crossing in her automobile at approximately 10 miles per hour. The train was then about 150 feet from the crossing. The engine bell was ringing. Mrs. Horace was observed at approximately the same time by the fireman and the brakeman, both of whom were in the cab with the engineer. When Mrs. Horace failed to stop at the intersection warning signal device, the engineer sounded his whistle and placed his brakes in emergency stop. Mrs. Horace was fatally injured in the resulting collision.

■ Appellee asserted the negligence of Mrs. Horace in failing to exercise ordinary care as an affirmative defense. Under Arkansas law, contributory negligence does not act as a total bar to recovery providing such contributory negligence is of less degree than the negligence charged to the railroad. This requires an assessment of the comparative negligence of the actors. Ark.Stat.Ann. § 73–1004. Appellant assigns as error the manner in which this task was explained to the jury.

In his charge, Judge Harris instructed the jury on the duty of the railroad to sound the locomotive bell as it approached an intersection; to provide warning signals at intersections and use ordinary care in their maintenance and operation. He also advised the jury that the driver of a motor vehicle had a duty to stop within 50 feet but not less than 15 feet from the nearest train rail whenever a clearly visible signal device warned of the approach of a train or when the train was plainly visible and in hazardous proximity to the crossing;[2] that such driver must use ordinary care to look and listen for trains, which may require stopping his vehicle; and that

---

1. (b) *Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.* On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; . . . or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation . . . .

2. Ark.Stat.Ann. § 75–637.

such driver must keep his vehicle under control.

These statements of the respective duties of ordinary care are not challenged by appellant. Rather, appellant contends that the court's failure to give an unrequested instruction on the railroad's statutory lookout duties [3] constituted plain error in view of the court's further instruction to compare the negligence of the actors in arriving at a verdict. Stated another way, appellant contends that the jury could not assess the relative negligence of the actors without being instructed on the full extent of their respective duties.

The record does not disclose that appellant either asked for or objected to the failure of the court to instruct the jury on the lookout duties of the railroad company. In this appeal, he invokes the plain error doctrine to avoid the reach of Rule 51, Federal Rules of Civil Procedure:

> No party may assign as error the giving or failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection.

As we observed in Figge Auto Co. v. Taylor, 325 F.2d 899 (8th Cir. 1964), "If there is to be a plain error exception to Rule 51 at all, it should be confined to the exceptional case where the error has seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 907, quoting 2B Barron and Holtzoff, Federal Practice and Procedure 475 (1961 ed.).

Under the law of Arkansas, which is applicable in this diversity case:

The operatives of trains have the right to assume that a traveler or a pedestrian approaching a railroad track will act in response to the dictates of ordinary prudence and the instinct of self-preservation and will, in fact, stop before placing himself in peril, and *the duty of the railroad employees to take precautions begins only when it becomes apparent that the traveler at a crossing will not do so.* (emphasis added)

Missouri Pac. R.R. Co. v. Doyle, 203 Ark. 1111, 160 S.W.2d 856, 858–859 (1942).

Given this legitimate assumption, the Arkansas Supreme Court has held that it is error to submit to the jury the issue of a railroad's lookout duties where "under the undisputed evidence, the train could not have been stopped in time to avoid the collision after it became apparent that [the automobile driver] was not going to make a normal stop." St. Louis S.W. Ry. Co. v. Evans, 254 Ark. 762, 497 S.W.2d 692, 695 (1973).

Appellant does not contend that there was a failure to keep a lookout but rather that the railroad employees should have stopped the trian when it became apparent to them that Mrs. Horace was not herself going to stop. Indeed, there was no issue of fact presented by the evidence which would require the submission of a lookout instruction. We find no plain error in the record affecting substantial rights, Fed.R.Civ.P. 61, and hence no abuse of the court's discretion in refusing to grant post-judgment relief under Rule 60(b).

Affirmed.

---

3. Ark.Stat.Ann. § 73–1002:

*Duty of trainmen to keep lookout—Contributory negligence no bar to recovery of damages.*—It shall be the duty of all persons running trains in this State upon any railroad, to keep a constant lookout for all persons, including licensees and trespassers, and property upon the track of any and all railroads, and if any such persons or property shall be killed or injured by the neglect of any employee of any railroad to keep such lookout, the company owning or operating any such railroad or its agents, servants, and employees, shall be liable and responsible to the person injured for all damages resulting from neglect to keep such lookout . . . .