D. R. SHIELDS, Appellee, v. CHRIST HOLTORF, Appellant.

**APPEAL AND ERROR:** Harmless Error—Excluding Res Gestae Otherwise Shown. The exclusion of certain declarations claimed to be a part of the *res gestae* is nonprejudicial when the identical declarations were otherwise injected into the record.

**ACCORD AND SATISFACTION:** Accord Without Satisfaction—Effect. An accord without satisfaction constitutes no defense.

**TRIAL:** Instructions—Undue Emphasis. The rejection of a requested instruction may find justification in the fact that the request embodied undue emphasis on certain items of evidence.

**NEGLIGENCE:** Instructions—Sudden Danger. In illustrating the degree of care required of one confronted by a *sudden danger*, the

court need not emphasize the ''sudden danger'' in behalf of a party who was placed in such danger by his own negligence.

**TRIAL:   Instructions—Defending Party Against Withdrawn Testimony.** A defendant who voluntarily withdraws his own testimony in support of his plea of accord and satisfaction (to which the plaintiff had made no response) may not demand that the jury be cautioned against considering any offer made by him as an admission of liability.

**HIGHWAYS:   Law of Road—Assumption of Compliance With Law.** A pedestrian is not bound to anticipate the approach of a vehicle on the wrong side of the highway when he is where he has a right to be and is exercising due care.

**TRIAL:   Instructions—Correct But Not Elaborate.** A correct instruction is all-sufficient in the absence of a request for further elaboration.

Headnote 1.   4 C. J. p. 1018.   Headnote 2.   1 C. J. p. 531.   Headnote 3.   38 Cyc. p. 1677.   Headnote 4.   29 Cyc. p. 434.   Headnote 5.   38 Cyc. p. 1625.   Headnote 6.   28 Cyc. p. 37.   Headnote 7.   38 Cyc. p. 1694.

*Appeal from Benton District Court.*—B. F. CUMMINGS, Judge.

DECEMBER 11, 1924.

ACTION at law, for damages for personal injuries resulting from a collision with the automobile of the defendant. The defense was a general denial, and a plea of accord and satisfaction. There was a verdict for the plaintiff for $2,600, and a judgment entered thereon. The defendant appeals.—*Affirmed.*

*Kirkland & White,* for appellant.

*Tobin, Tobin & Tobin,* for appellee.

EVANS, J.—The accident in question occurred on an intersection in the heart of the city of Vinton. The plaintiff, as a pedestrian, was traveling west, and crossing Fifth Avenue. The intersecting street was Fourth Street, which extended east and west. The defendant approached the intersection from the west, driving his automobile. As he was about to enter the intersection of Fourth Street and Fifth Avenue, he observed an-

other car entering the same intersection from the south, and driving north. Such car had the right of way. It was traveling along the east half of Fifth Avenue. The defendant was traveling on the south half of Fourth Street. The width of each of these streets was somewhat more than 54 feet between curbs. The other car in question is known in the record as "the Cadillac." The plaintiff had started to cross Fifth Avenue from east to west, before the approach of either of the cars in question. He had advanced 12 feet or more from the curb, when the Cadillac passed behind him. He had not fully reached the center of the street, when he was struck by the defendant's car, a moment later. When the defendant approached the intersection, he was intending to proceed easterly along Fourth Street. While crossing the intersection, however, he came in such close proximity to the Cadillac car that he feared a collision therewith. To avoid such collision, he turned suddenly to the south, and in so doing, he struck the plaintiff, whereby plaintiff suffered very severe injuries. According to the evidence for the plaintiff, the place of collision was on the east side of the center line of Fifth Avenue. This, however, is denied by the defendant. The specific negligences charged against the defendant were: (1) Excessive speed; (2) that he turned south while he was on the left-hand side of Fifth Avenue. Manifestly, if he had turned south into Fifth Avenue immediately on entering the intersection, the accident could not have happened.

Many grounds of reversal are urged.

I. The owner of the Cadillac car was Fiala. Immediately after the accident, the defendant and Fiala engaged in a conversation, in which each of them charged the other with blame for the accident. The plaintiff, at the time, was lying helpless on the pavement. The defendant offered proof of this conversation, to the effect that he then and there showed Fiala the respective car tracks of the two cars, and that his car track was two feet west of the center plate of the intersection, and that the car tracks of Fiala were two feet east thereof. This evidence was offered as *res gestae*. The trial court sustained objection thereto. Error is assigned on such ruling. The defendant's theory is that the evidence was admissible as *res gestae* because

1. APPEAL AND ERROR: harmless error: excluding *res gestae* otherwise shown.

it occurred immediately following the accident. We shall not wrestle with the question in that form. Fiala was a witness for the plaintiff, and the defendant was a witness for himself on the trial. Each of them testified in precise accord with the position he took in the conversation offered. Other witnesses for the defendant, who were witnesses to the conversation, were also witnesses to the accident, and testified accordingly. If it were conceded that the evidence was technically admissible as *res gestae,* yet its exclusion could work no possible prejudice.

II. The defendant offered evidence in support of his plea of accord and satisfaction. This was, in substance, that he had agreed with the plaintiff to pay him certain doctor and nurse bills, and the further sum of $400. The bills re-

2. ACCORD AND SATISFACTION: accord without satisfaction: effect.

ferred to were paid by the defendant. No part of the $400 was paid, because it was discovered that the attorneys had filed a lien. The parties appeared to be unable to come to an understanding, in the presence of such lien. At the close of the evidence, the defendant moved for a directed verdict, on the ground that the plea of accord and satisfaction was proved without contradiction. This motion was denied, and error is assigned thereon. Sufficient to say that, though the accord was proved, as claimed, the satisfaction was not. Granted that it was legally competent for the plaintiff to accept as satisfaction the defendant's promise to pay, in lieu of a present actual payment, such was not the state of the evidence. The accord entered into contemplated immediate payment and satisfaction. In the light of the later discovery that defendant could not safely make present satisfaction, because of the claimed lien, no new agreement was made. The motion was, therefore, properly overruled.

III. Appellant complains of the refusal of the court to give Requested Instructions 1, 2, and 3, and complains of the giving on its own motion of Instructions 6, 9, and 10.

These instructions are so related that we shall consider them together. Requested Instruction No. 1 was, in substance, a direction to the jury to find for the defendant, if it found that

3. TRIAL: instructions: undue emphasis.

the plaintiff had failed to exercise reasonable care in making the crossing. This ultimate proposition was preceded by a recital of many

details of evidence on behalf of defendant. These details were refused, and the rest of the instruction was given upon the court's own motion, in Instruction No. 6. Such detailed recital was properly refused. In so far as such details were proper, they were included in Instruction No. 8. One particular fact emphasized by the defendant was that the plaintiff was blind, or nearly so; and that, because of such blindness, he was a pensioner; and that he owed a particular duty of care, commensurate with his disability. The trial court so instructed, in Instruction No. 8.

Requested Instruction No. 2 dealt with the question of defendant's negligence. It was to the effect that, if the defendant was confronted with sudden emergency or danger, he was required only to exercise such care and caution as a person of ordinary care would do, under like conditions. The trial court gave, on its own motion, the substance of the instruction, except that it did not emphasize the sudden danger. We think there was no error in that respect. If the defendant was in a place of sudden danger of collision with the Cadillac automobile, he had already been negligent in putting himself there. The Cadillac had entered the intersection before he had. He saw it. He had a plain opportunity to turn to the south, along the right-hand curb. His negligence, if any, did not originate in the center of the intersection.

4. NEGLIGENCE: instructions: sudden danger.

Requested Instruction No. 3 withdrew from the consideration of the jury all the evidence pertaining to accord and satisfaction. While this instruction was formally refused, its substance was, nevertheless, given by the court upon its own motion, in Instruction No. 10. The complaint is that Requested Instruction No. 3 advised the jury that it should not regard any offer made by the defendant as an admission of liability on his part. It is to be noted that there is no evidence in the record on this subject, except what the defendant had himself introduced. The plaintiff offered none. At the request of the defendant, the court withdrew all such evidence from the consideration of the jury. We think that this is all that he was entitled to. If the plaintiff had introduced evidence of an offer,

5. TRIAL: instructions: defending party against withdrawn testimony.

and had sought to gain some advantage thereby, a different question would be presented. But, having withdrawn all the evidence from the consideration of the jury, the court was not required to defend the defendant against his own evidence.

The sixth instruction complained of advised the jury as to the degree of care incumbent upon the plaintiff. The jury was instructed therein that the plaintiff was not bound to anticipate the approach of an automobile on the wrong side of the street, if he himself was where he had a right to be, and was exercising due care in other respects. This is the general rule of law, and we see no ground for criticism. Instruction No. 9 had reference to the plaintiff's defect of vision, and laid upon him a duty of care commensurate with his defects. The complaint is that the court should have further instructed that the evidence of plaintiff's defective vision should be considered by them as impeaching his evidence to the effect that he saw the approach of the automobile 60 or 70 feet distant. The record of the evidence does not disclose anywhere that this evidence was introduced by the defendant for such purpose. Nor was the attention of the court directed to that subject; nor was any requested instruction predicated thereon.

6. HIGHWAYS: Law of Road: assumption of compliance with law.

7. TRIAL: instructions: correct but not elaborate.

IV. Lastly, it is contended that the verdict was excessive. This is predicated largely on the claim that the plaintiff had no earning capacity. He was 73 years of age, in comfortable health, and able to wait upon himself, yet was suffering a defective vision, for which he was receiving a public pension. Granted that these circumstances did operate heavily against any claim for loss of time or service: they could go no further. The plaintiff's injury was severe, and caused him much pain. He was disabled thereby, so that he had to employ a nurse. He had not recovered even approximately, up to the time of the trial. He was able to move about only upon crutches. The verdict was not excessive.

The foregoing are the principal points of complaint. We find no error. The judgment below is, accordingly,—*Affirmed.*

ARTHUR, C. J., and PRESTON and FAVILLE, JJ., concur.