HARRY HARRIS, appellee, v. AUDREY B. CLARK, appellant.

No. 49948.

(Reported in 103 N.W.2d 215)

MAY 3, 1960.

Clyde Putnam, Jr., of Des Moines, and J. W. Ritchie, of Indianola, for appellant.

Richard F. Stageman and Raymond E. Pogge, both of Council Bluffs, for appellee.

THORNTON, J.—This is a rear-end collision case. Defendant, Audrey B. Clark, driving a 1957 Ford station wagon struck the rear of the 1956 Buick owned and driven by Harry C. Harris as plaintiff stopped to allow an automobile preceding him to turn right into a private driveway. The accident occurred about 90 feet west of the west curb line of East Desmont Drive on West Pleasant Street in Knoxville about 6:30 p.m. on May 10, 1958. The street was dry and the day clear.

I. The trial court submitted Instruction No. 14 embodying sudden emergency as confronting the defendant to the jury. Plaintiff excepted to the instruction and after a verdict for the defendant moved for new trial on the grounds, among others, the emergency, if any, was of defendant's own making and such issue was not supported in the evidence. The trial court sustained the motion.

As we read its order, in part as follows, "* * * After carefully studying this case the court has come to the conclusion that Instruction No. 14 could be prejudicial to the plaintiff, and that in the furtherance of justice a new trial should be granted" there is no indication the court considered anything other than Instruction No. 14 as warranting a new trial. This ruling is not as clear as the ruling in Kessel v. Hunt, 215 Iowa 117, 123, 244 N.W. 714, but it presents solely a question of law. It is our duty to review the order as we would any other alleged error and to reverse if erroneous. Kessel v. Hunt, supra, and citations; In re Estate of Murray, 238 Iowa 112, 114, 26 N.W.2d 58; Thompson v. Butler, 223 Iowa 1085, 1091, 274 N.W. 110; and Piper v. Brickley, 220 Iowa 1090, 1092, 264 N.W. 29.

Plaintiff does not attempt to save the ruling by showing other grounds of the motion were good. Brandt v. Schucha, 250 Iowa 679, 682, 96 N.W.2d 179, 181.

II. Defendant urges here for reversal there was ample evidence both of the existence of an emergency and it was not of defendant's own making.

Striking the rear of plaintiff's car is evidence of negligence on the part of defendant. However, this does not prevent her from showing the circumstances surrounding the occurrence and if such entitles her to an instruction that she was confronted

810

with a sudden emergency not of her own making it is the court's duty to instruct thereon. Miller v. Griffith, 246 Iowa 476, 482, 66 N.W.2d 505; Sanford v. Nesbit, 234 Iowa 14, 19, 11 N.W.2d 695; and Merchants Motor Freight v. Downing, 8 Cir., 227 F.2d 247.

In Kisling v. Thierman, 214 Iowa 911, 916, 243 N.W. 552, 554, we said: "By the term 'legal excuse' is meant: * * * 3. Where the driver of the car is confronted by an emergency not of his own making, and by reason thereof he fails to obey the statute. * * *."

In Young v. Hendricks, 226 Iowa 211, 215, 283 N.W. 895, 898, we said: "An emergency has been variously defined as (1) an unforeseen combination of circumstances which calls for immediate action; (2) a perplexing contingency or complication of circumstances; (3) a sudden or unexpected occasion for action; exigency; pressing necessity."

In Mongar v. Barnard, 248 Iowa 899, 905, 82 N.W.2d 765, 769, is this statement: "* * * if defendant stopped suddenly in plaintiff's path without giving a proper signal the jury might find plaintiff was thereby confronted by an emergency not of his own making, which constituted a legal excuse for his violation of any statute defendant has invoked."

In Cunningham v. Court, 248 Iowa 654, 664, 82 N.W.2d 292, wherein plaintiff made a left turn ahead of defendant and a collision resulted we held on conflicting testimony as to giving of signal, speed and distance between the vehicles, the issue as to whether there was an emergency and whether defendant had met his burden to prove such existed, independent of his own fault, was for the jury.

The general rule is stated in 65 C. J. S., Negligence, section 252, page 1134, as follows: "Emergency. The questions, whether an emergency existed, and whether a person who was confronted with a sudden emergency exercised such care as an ordinarily prudent man would have exercised, when confronted with a like emergency, ordinarily are questions of fact for the jury. The question whether one was without fault in bringing about an emergency generally is for the jury."

That is the rule in this jurisdiction. Kisling v. Thierman, Young v. Hendricks, Mongar v. Barnard, and Cunningham v. Court, all supra; Merchants Motor Freight v. Downing, 8 Cir., 227 F.2d 247, 252–254; Carpenter v. Campbell Automobile Co., 159 Iowa 52, 62, 63, 140 N.W. 225; Luppes v. Harrison, 239 Iowa 880, 886, 887, 32 N.W.2d 809; and Leinen v. Boettger, 241 Iowa 910, 924–926, 44 N.W.2d 73, 81, 82.

III. The evidence is, plaintiff was following a car driven by Mrs. Aileen Shumaker and that she gave a signal of intention to make a right turn both by directional turn light and with her left arm. Plaintiff says he saw only the light signal. He says she started giving the signal with the directional turn light as she cleared the intersection. This distance was shown by measurement testimony to be 90 feet. Plaintiff testified it was 50 feet. He says his speed was 20 to 25 mph reduced to 10 mph before he stopped, and he testified, both, that he was a car length and a half, maybe two car lengths, and approximately a car length behind the Shumaker car. Mrs. Shumaker says he was less than a car length or a car length and a half behind her. Plaintiff testified he started to bring his car to a slower speed when he saw the turn signal and he was giving a signal with his brake light for 30 to 35 feet. After plaintiff entered the intersection to the time he stopped he did not know where defendant's car was. Mrs. Shumaker testified the turn in her drive was difficult and it is necessary to come to a near stop.

Defendant testified, "* * * he just suddenly stopped in front of me. I immediately applied my brakes. * * * I almost had my car stopped when the front end of my car hit the back end of his car." She also testified, "Q. What is the fact as to whether or not you observed Mr. Harris flashing his lights on or off for any distance before he stopped suddenly? A. I did not see it. Q. About how far back of Mr. Harris were you traveling when you observed his lights flash on for a sudden stop? Just give it to us in your best judgment? A. About two car lengths", and that she was traveling 20 mph when she started to stop. Defendant had been following Mr. Harris for several blocks at a speed of 20 to 25 mph. She knew there was a car

in front of him but could not determine anything the car was doing and did not see the turn signal of the Shumaker car.

There is a discrepancy between plaintiff's testimony as to distances and that given by a witness who took measurements. Plaintiff at no time tried to correct his testimony. Plaintiff urges us to consider his testimony as conforming to the measurements to show he had his brake light on at least 90 feet rather than 30 or 35 feet as testified. One difficulty with that is plaintiff did not testify he put on the brakes at the intersection, but rather, "* * * I started to bring my car to a lower speed." He does not come within the rule that undisputed physical facts may nullify direct testimony as expressed in Fraser v. Brannigan, 228 Iowa 572, 293 N.W. 50, and Stevens v. Gear, 240 Iowa 1348, 39 N.W.2d 408.

■■ A jury question is presented on a fact issue where there is a conflict in the evidence or different inferences may be drawn from the evidence. The conflicts in the evidence are not great in this case, but different inferences may be drawn therefrom. Certainly, the jury could have found defendant did not maintain a proper lookout, did not have her car under control and violated the assured-clear-distance statute; but it is equally true, the jury could have found from the evidence above set out plaintiff was required to make an abrupt sudden stop to keep from hitting the Shumaker car, the stop signal given by plaintiff for not more than 30 or 35 feet was not sufficient warning of his intention to decrease speed or stop to allow defendant, traveling at the same speed two car lengths behind him, to bring her station wagon to a full stop before striking plaintiff's car, and she could not turn to her left because of oncoming traffic.

■ IV. Plaintiff urges defendant was following too closely and failed to keep a proper lookout, and such created the emergency. Section 321.307, Code of Iowa, 1958, prohibits a driver from following another vehicle more closely than is reasonable and prudent. Proper lookout is a common-law duty to exercise ordinary care under the circumstances. Mongar v. Barnard, supra, and Law v. Hemmingsen, 249 Iowa 820, 89 N.W.2d 386. Under the circumstances presented, both plaintiff and defendant

traveling about the same speed of 20 to 25 mph, two car lengths apart, and plaintiff putting on his brakes for not more than 30 to 35 feet, coupled with defendant's right to assume plaintiff will exercise ordinary care and comply with the statutes until she knew or in the exercise of ordinary care should have known otherwise, we are compelled to disagree with plaintiff. Anderson v. Strack, 236 Iowa 1, 17 N.W.2d 719, and Mongar v. Barnard, supra.

█ It was plaintiff's duty to signal his intention to stop or suddenly decrease his speed to defendant immediately to the rear when there is opportunity to give such signal. Section 321.316, Code of Iowa, 1958. He did not give a signal by hand and arm. When he put on his brake lights he stopped within 30 to 35 feet. There is no evidence of an emergency for defendant until that point, nor is there any conclusive evidence that defendant's speed, lookout, control or following too closely were negligent before plaintiff put on his brake lights. Plaintiff's own testimony shows he had ample opportunity to give a signal of his intention to stop or decrease his speed for at least 90 feet.

V. Plaintiff further points out for our consideration cases from this and other jurisdictions demonstrating the type of conduct where the rule of sudden emergency has been held inapplicable. We have examined each of them and find they are distinguishable on the facts. A brief word relative to the cases cited by plaintiff will demonstrate the distinctions.

In Carpenter v. Campbell Automobile Co., supra, and Laughnan v. Aetna Casualty & Surety Co., 1 Wis.2d 113, 83 N.W.2d 747, 751, the issue of sudden emergency was submitted to the jury. Luppes v. Harrison, 239 Iowa 880, 887, 32 N.W.2d 809, was tried to the court without a jury and this court held no emergency had been created as a matter of law in affirming the trial court.

In Shields v. Holtorf, 199 Iowa 37, 41, 201 N.W. 63, 65, we held there was no error in an instruction which did not emphasize sudden emergency. We there said, "* * * If the defendant was in a place of sudden danger of collision with the Cadillac automobile, he had already been negligent in putting himself there."

In Zuck v. Larson, 222 Iowa 842, 846, 270 N.W. 384, this court held as a matter of law the emergency, if any, was negligently created by the plaintiff when he walked into the path of an oncoming automobile on a primary highway outside of any city or town at a place where no crossing for pedestrians is provided or contemplated.

In Bletzer v. Wilson, 224 Iowa 884, 889, 890, 276 N.W. 836, an order granting a new trial was affirmed and, under the record presented, we held placing the burden of proving the nonexistence of the emergency upon the plaintiff was error. Such issue is not raised in the case at bar.

In Wachter v. McCuen, 250 Iowa 820, 96 N.W.2d 597, we held plaintiff was not entitled to the benefit of an instruction on sudden emergency where plaintiff passed defendant's truck on the right-hand side in violation of section 321.299, Code of Iowa, 1954, and plaintiff's own testimony showed he voluntarily placed himself in a position of danger. Plaintiff's testimony showed he was aware of the situation of defendant's truck and trailer traveling on the left side of the highway in the same direction as plaintiff and approaching a bridge, when plaintiff was 450 to 500 feet from the bridge and defendant's vehicle 150 feet from the bridge, and if the defendant had then started to return to the right-hand side of the highway he, plaintiff, could have stopped. With the situation fully in mind he passed on the right.

In Metz v. Rath, 275 Wis. 12, 81 N.W.2d 34, 37, plaintiff walked across the highway in front of the oncoming defendant and was struck at about the center of the pavement. The court there held plaintiff was not entitled to the benefit of an instruction on sudden emergency. The facts resemble those in Zuck v. Larson, supra.

In Wiley v. Fidelity & Casualty Co. of New York, 3 Wis.2d 320, 88 N.W.2d 366, 369, the evidence showed plaintiff did not see the other automobile until it was directly in front of him and four or five feet away when in fact it was in plain sight for at least 90 feet and could have been seen by plaintiff if he had maintained a proper lookout. Plaintiff was denied the benefit of the emergency doctrine.

In Kachman v. Blosberg, 251 Minn. 224, 235, 87 N.W.2d 687, 696, is this statement: "It seems obvious to us that the defendant brought on the emergency by driving at the speed he did after he had observed the children on the edge of the highway and by failing to keep a proper lookout and make a timely application of his brakes in order to sooner bring his car under control."

In Dwyer v. Christensen, 76 S. D. 201, 210, 75 N.W.2d 650, 655, 56 A. L. R.2d 734, is this statement: "* * * Since his admitted negligence contributed to the creation of the emergency he is not entitled to the protection of the rule."

In the cases denying the benefit of the emergency rule the party claiming the benefit has either had actual knowledge of a dangerous situation or in the exercise of reasonable care could have had such knowledge in time to act in relation thereto. There is not evidence, as a matter of law, plaintiff here had such knowledge or could have had such in the exercise of reasonable care.

The trial court was correct in submitting to the jury the issue of sudden emergency and in error in granting a new trial on the theory such instruction was not supported in the evidence.

The case is reversed and remanded with instructions to overrule the motion for a new trial and to reinstate the verdict. —Reversed and remanded.

All JUSTICES concur except PETERSON, J., who takes no part, and BLISS and OLIVER, JJ., not sitting.