GEORGE RUSSELL OAKES, plaintiff-appellant, v. PETER PAN BAKERS, INC. et al., defendants-appellees and cross-petitioners (Herman Bros., cross-appellant); ALOYSIUS DOTZLER et al., cross-defendants.

LILLIAN OAKES, plaintiff-appellant, v. PETER PAN BAKERS, INC et al., defendants-appellees and cross-petitioners (Herman Bros., cross-appellant); ALOYSIUS DOTZLER et al., cross-defendants.

No. 51770.

(Reported in 138 N.W.2d 93)

November 16, 1965.

Rehearing Denied January 11, 1966.

Richard C. Turner, of Council Bluffs, for plaintiffs-appellants George Russell and Lillian Oakes.

Hess, Peters & Sulhoff, of Council Bluffs, for defendants-appellees, cross-petitioners and cross-appellants Herman Bros., Inc.

Smith, Peterson, Beckman & Willson, of Council Bluffs, for defendant-appellee and cross-petitioner Peter Pan Bakers, Inc.

Ross, Johnson, Stuart, Tinley & Peters, of Council Bluffs, for cross-defendant Aloysius Dotzler.

Connolly & Connolly, of Council Bluffs, for cross-defendant Charles Albert Thomas.

GARFIELD, C. J.—George and Lillian Oakes each sued Peter Pan Bakers, Inc., and Herman Bros., Inc., to recover for injuries resulting from motor-vehicle collisions involving six vehicles on December 22, 1961, in a severe snowstorm on Highway 64 in the town of Underwood (population 337), 13 miles northwest of Council Bluffs. Plaintiff-husband (herein called plaintiff) sued to recover for injuries to his person and Ford auto. His wife sued to recover for loss of consortium resulting from the personal injuries. The cases were consolidated for trial resulting in judgment on jury verdicts for defendants.

Plaintiff's appeal assigns error in some rulings on evidence, instructions to the jury (including one form of verdict), and overruling his motion for new trial. We find no reversible error in any respect assigned and argued.

The six vehicles were all proceeding south on the paved highway. On the west side was a snow-covered bank of earth four to eight feet higher than the highway, 250 to 300 feet in length. The accident occurred near or somewhat north of the center of this area. The first vehicle, to the south, was Dotzler's Chevrolet. It was either stopped or moving five to ten miles per hour because of lack of visibility due to snow blowing onto the highway from the bank to the west. Thomas, with no visibility, drove his Ford into the rear of Dotzler's car, about half on the paving and half on the right (west) shoulder. Terry's pickup struck the rear of Thomas' Ford when the pickup was struck from its rear by plaintiff's Ford.

Plaintiff insists his car was forced into the pickup by the impact from Peter Pan's bakery van driven by Tyler. The evidence would permit a finding plaintiff's car struck Terry's pickup before the car was struck by the bakery van. The sixth vehicle was Herman Bros.' empty oil transport driven by Jones. It struck the bakery van and plaintiff claims caused it to collide again with his car. All collisions occurred in rapid succession,

probably within a minute or two. All were due at least in part to near-complete loss of visibility from blowing, swirling snow in this block-long area.

All drivers other than plaintiff testified to such loss of visibility. A second occupant of Peter Pan's van and a highway patrolman who investigated the accident also so testified. Plaintiff said he saw something in the road about 100 feet ahead of him which proved to be Terry's pickup.

Plaintiff alleged each defendant's driver (Peter Pan and Herman Bros.) was negligent in: 1) following too closely behind plaintiff's vehicle; 2) failing to keep a proper lookout; 3) failing to have its vehicle under control; and 4) driving at a speed which would not permit stopping within the assured clear distance ahead. Each defendant pleaded a legal excuse for any violation of law alleged by plaintiff; also that a blizzard at the time of the accident constituted an Act of God which was sole proximate cause of the collisions.

I. Plaintiff first assigns error in permitting Terry on recross-examination to testify that his version of what happened was that plaintiff struck the pickup from his own momentum.

On plaintiff's redirect examination Terry was asked for and expressed his opinion that plaintiff's vehicle was the first to come in contact with his pickup but he did not see what force impelled it into him. This is the recross-examination:

"Q. As I understand it, the first impact with plaintiff was from his own momentum? A. Yes.

"Mr. Turner: Objected to as calling for an opinion and conclusion without proper foundation.

"The Court: I thought you just asked him the same question." The question was repeated and the witness answered, "That was my version."

The above record presents no error. The question was not objected to until after it was answered and no reason was given for the delay, nor was a motion made to strike or exclude the answer. Jackson v. Chicago, M., St. P. & P. R. Co., 238 Iowa 1253, 1262, 1263, 30 N.W.2d 97, 102, 103, and citations; Article by Dean Mason Ladd, 22 Iowa Law Review, 609, 622, 623. Further, we are not prepared to hold the objection, if timely, should

have been sustained on the ground asserted. "Ordinarily, conclusions may be called for and properly given on cross-examination." Pugh v. Queal Lumber Co., 193 Iowa 924, 930, 188 N.W. 1. See also State v. Heinz, 223 Iowa 1241, 1252, 275 N.W. 10, 114 A. L. R. 959, 969, and annotation, 974, 975.

We may also point out that plaintiff could have suffered little, if any, prejudice from the quoted testimony in view of the entire record. Immediately following it was this redirect examination by plaintiff:

"Q. Do you know he wasn't impelled into your vehicle .by the Peter Pan vehicle? A. I have stated all along this was a version of the accident I have given.

"Q. So you don't know? A. How would I know?"

Whether plaintiff's own momentum caused his car to collide with Terry's pickup primarily bore on the issue of his freedom from contributory negligence. In answer to a special interrogatory the jury found plaintiff free from contributory negligence. This finding seems to obviate the claimed error here considered. Spry v. Lamont, 257 Iowa 321, 325, 326, 132 N.W.2d 446, 449, and citations.

Following the quoted redirect examination by plaintiff, counsel for defendant Herman Bros. brought out on further recross-examination that the witness Terry could not recall hearing an impact before the one on the rear of his pickup. Asked whether he thought he would have been able to hear another collision, he answered over plaintiff's objection the question called for an opinion and conclusion without proper foundation, "No, I wouldn't—as far as weather conditions were concerned I think you could hear a crash probably if there had been one but I don't recall that." This followed: "Q. You don't recall hearing another crash? A. No."

We find no error in overruling the objection last referred to. We approve this from 20 Am. Jur., Evidence, section 803: "The question frequently arises upon a trial whether certain objects could have been seen, sounds heard, or odors perceived under the circumstances * * * which existed at a certain time. A question of this character calls for an opinion or estimate, since the witness cannot answer it with absolute precision; but it is a matter

of common observation and inference rather than of scientific judgment and, therefore, does not require expert evidence. Generally, therefore, an opinion of this character may be given by any person who has had full opportunity for observation, as, for example * * *, whether a witness could have heard a locomotive bell and whistle if they had sounded, whether an outcry from a victim could have been heard from a given point, * * *." See also Marr v. Olson, 241 Iowa 203, 209, 40 N.W.2d 475, 479. Some of the considerations previously mentioned also apply to this claimed error.

Immediately following the recross-examination last quoted plaintiff proceeded by leading questions on redirect examination to show that the witness Terry might not have heard another crash. The court properly sustained an objection as leading made by a defendant after one question was answered. We observe that since no motion to strike the answer was made it remained in the record. Correll v. Goodfellow, 255 Iowa 1237, 1247, 125 N.W.2d 745, 751, and citations.

■ The court also sustained a defendant's objection as leading to the question, "And the wind was blowing outside?" This ruling was also proper. Further, it was clearly shown by other testimony, including the direct examination of this same witness, and, in effect, conceded by all that the wind was blowing. No prejudice resulted from the ruling.

■ ■ II. On plaintiff's cross-examination of Herman Bros.' driver Jones, he testified that after he saw the Peter Pan vehicle he was able to turn his steering wheel three complete turns to the right and thus move his transport onto the right shoulder. Also, "I have no idea how long it took to turn the steering wheel three complete turns to the right." To the next question, "Would you say more than a second?" Peter Pan's objection as repetition was sustained. Plaintiff assigns error upon this alleged undue restriction of his right of cross-examination.

It is elementary that the trial court has considerable discretion in determining the scope and extent of cross-examination. Russell v. Chicago, R. I. & P. R. Co., 251 Iowa 839, 850, 102 N.W. 2d 881, 888, and citations; Des Moines Blue Ribbon Distributors

v. Drewrys Ltd., U. S. A., 256 Iowa 899, 914, 129 N.W.2d 731, 740. We find no abuse of discretion here nor does it appear the witness would have given an answer more favorable to plaintiff than the one above quoted. Precedents last cited; Colburn v. Krabill, 232 Iowa 290, 293, 294, 3 N.W.2d 154, 156.

■ III. Plaintiff assigns error in submitting to the jury the defense that a blizzard at the time and place of the accident constituted an Act of God which was the sole proximate cause of plaintiff's injuries and damage. Principal objection to submission of this issue is claimed insufficiency of the evidence to show the blizzard was unprecedented and failure to instruct that such unprecedented character is essential to an Act of God. We are told a blizzard, to be an Act of God, must be of such unprecedented proportions that nothing like it was ever known in the vicinity. We find no reversible error in the submission of this issue.

In answer to a special interrogatory the jury found the forces of nature were not the sole proximate cause of the accident and resulting injuries. Under a long line of our decisions and the authorities generally submission of this issue must therefore be deemed without prejudice to plaintiff. Spry v. Lamont, supra, 257 Iowa 321, 325, 326, 132 N.W.2d 446, 449, and citations.

■ Further, we cannot sustain the principal objection plaintiff makes to submission of this issue. An Act of God need not be unprecedented in the sense that nothing like it ever occurred before. 1 Am. Jur.2d, Act of God, section 3, page 678, accurately states what we think is the prevailing rule:

■ "The rule of exemption from liability for loss, where the loss is the result of an 'act of God,' is founded upon reason and justice that one should not be held responsible for that which he could not have reasonably anticipated, and could not have taken reasonable precautions to guard against. Accordingly, it is said that an act of God, as the term is known to the law, is such an unusual and extraordinary manifestation of the forces of nature that it could. not under normal conditions have been anticipated or expected. However, the occurrence need not be unprecedented. * * * If it could not have been anticipated or expected under normal conditions, that is sufficient. .

"The question of precedent, therefore, relates to the matter of reasonable anticipation and opportunity to avert the consequences, and it is in that sense that the term 'unprecedented' is used with regard to the nature of the catastrophe."

Ibidem, section 5, pages 679, 680, adds, "Extreme weather conditions, though inevitable in the locality involved, which operate to foil human obligations of duty are usually deemed in law to be acts of God." This is taken from Ritchie v. City of Des Moines, 211 Iowa 1026, 1035, 233 N.W. 43, 47, and Staples v. City of Spencer, 222 Iowa 1241, 1244, 271 N.W. 200.

Mincey v. Dultmeier Mfg. Co., 223 Iowa 252, 256, 257, 272 N.W. 430, and Young v. Marlas, 243 Iowa 367, 375–377, 51 N.W. 2d 443, 448, 449, also consider Acts of God. None of these decisions supports plaintiff's contention that such an act must be unprecedented in the sense used by him. The Young case calls an "extraordinary manifestation of nature, which could not reasonably be anticipated or foreseen" an Act of God and adds, "Inquiring as to past events is proper in determining what should have been anticipated." The opinion holds the high wind there involved was not an Act of God as a matter of law and the question whether it was such was properly left to the jury.

We have no doubt this issue was rightly for the jury here. The evidence would permit a finding the blizzard, under the circumstances shown at the time and place, was an extraordinary manifestation of nature not reasonably to be anticipated. Five of the six motorists testified that when they arrived at the block-long area alongside the embankment to the west there was almost complete loss of visibility from blowing, swirling snow. Other witnesses confirmed this.

A highway patrolman arrived at the scene when conditions were about the same as at the time of the accident. Peter Pan's truck loomed up in front of him so suddenly he collided with it and also with an auto stopped on the east shoulder although he was not exceeding six miles an hour. The patrolman did not see plaintiff's car or Thomas' car although he drove within six feet of them. The wind was blowing in such "tremendous gusts" the patrolman had difficulty seeing the hood of his own vehicle.

Asked how he was able to stay on the highway, the witness answered, "That is a good question."

There is much other testimony to like effect. For example, plaintiff's witness Terry said, "The action of the snow as it came off this bank was just like driving into a snowdrift. I had no visibility whatever through the windshield." Thomas, a schoolteacher, testified, "The first thing I knew I couldn't see anything, it was just a complete blank, like driving into a wall." All six vehicles were involved in collisions in this small area within a minute or two. In addition the highway patrolman and still another motorist were also involved in collisions there under like conditions.

 The principal instruction on the issue of Act of God was No. 10. Plaintiff's only timely objection to this upon the trial is that the evidence did not warrant submission of the question. Plaintiff also objected to the instructions as a whole for the reason that Act of God is not adequately defined as being an act previously unprecedented which could not be foreseen by defendants. As we have tried to point out, neither objection was valid. Plaintiff is not entitled to urge other objections or grounds thereof upon this appeal nor could he do so in his motion for new trial. Rule 196, Rules of Civil Procedure; Spry v. Lamont, supra, 257 Iowa 321, 330, 331, 132 N.W.2d 446, 451, and citations; Wilson v. Kouri, 255 Iowa 348, 352–354, 122 N.W.2d 300, 302, 303, and citations.

Under this division of his brief plaintiff refers to affidavits of five jurors attached to his motion for new trial purporting to state how the verdicts for defendants were reached. The affidavits differ but in general they recite that the jurors were first about equally divided as to whether plaintiff should recover and also whether the forces of nature were the sole proximate cause of the accident. It was finally decided that all would find plaintiff was not entitled to recover and the forces of nature were not the sole proximate cause even though some jurors based their verdicts for defendants on their belief the forces of nature were the sole cause of the accident.

The trial court carefully considered these affidavits and ruled they constituted a nonpermissible attempt to impeach the

verdicts, that the affidavits recite only matters which inhere in the verdicts, no misconduct of jurors was shown, and the fact some jurors compromised their opinions in arriving at the verdicts does not indicate impropriety. The court also pointed out that at plaintiff's request the jury was polled when it returned its verdicts and each juror stated he concurred in them.

Plaintiff's counsel says in argument he does not quarrel with the trial court's conclusion that the compromise of the jurors did not constitute misconduct or the jury's verdict cannot be impeached in this manner. He asks in effect that the jury's special finding an Act of God was not the sole cause of the accident be disregarded in passing on whether it was prejudicial error to submit the defense. We have already expressed the opinion no prejudicial error was committed.

However, it seems clear to us that if, as plaintiff concedes, the verdicts for defendants may not be impeached by the affidavits, the special finding above referred to may not be thus impeached. In view of plaintiff's concession, it is perhaps unnecessary to point out we have consistently held affidavits of jurors may not be used to show their reasons for assenting to the verdict, or that they did not assent to it, or it was not the result of their deliberate judgment, or they did not understand the court's instructions since all these matters inhere in the verdict. State v. Dudley (Ladd, J.), 147 Iowa 645, 653, 126 N.W. 812, 815; Nicholson v. City of Des Moines, 246 Iowa 318, 332, 67 N.W.2d 533, 541; Long v. Gilchrist, 251 Iowa 1294, 1300, 105 N.W.2d 82, 85, 86; State v. Brown, 253 Iowa 658, 671, 113 N.W. 2d 286, 294, and citations in these opinions.

IV. Error is assigned in submitting sudden emergency as a legal excuse for any violation of law alleged by plaintiff because, it is said, there was no evidence to warrant submission of this issue. The argument is that as a matter of law any emergency was at least in part of defendants' own making since they did not try to stop before entering what witnesses called "a wall of snow." We are clear the issue was properly left to the jury.

To constitute a legal excuse for violation of a statute, of course an emergency must not be of the driver's own making. Kisling v. Thierman, 214 Iowa 911, 916, 243 N.W. 552. Many

458

decisions have followed the cited case. Winter v. Moore, 255 Iowa 1, 4, 121 N.W.2d 82, 83, and citations.

"An emergency has been variously defined as (1) an unforeseen combination of circumstances which calls for immediate action; (2) a perplexing contingency or complication of circumstances; (3) a sudden or unexpected occasion for action; exigency; pressing necessity." Young v. Hendricks, 226 Iowa 211, 215, 283 N.W. 895, 898; Harris v. Clark, 251 Iowa 807, 810, 103 N.W.2d 215, 217.

The question whether one was without fault in bringing about an emergency generally is for the jury. Harris v. Clark, supra, and citations; Winter v. Moore, supra, 255 Iowa 1, 8, 121 N.W.2d 82, 86; Vreugdenhil v. Kunkel, 256 Iowa 460, 469, 127 N.W.2d 630, 635.

We have sufficiently referred to weather conditions at the time and place of the accident. The emergency was not created solely by such conditions but by the presence of plaintiff's car, which the jury could find was not lighted, stopped in the southbound lane of travel in this area of extremely limited visibility. If the highway had not been thus obstructed the accident would probably have been avoided. The evidence warranted a finding this area of limited visibility and, especially, the presence of plaintiff's car suddenly loomed up in front of both defendants' drivers without time, in the exercise of ordinary care, to avoid the collision. Several other drivers including, so the jury could find, plaintiff himself, and the highway patrolman failed to avoid striking vehicles stopped on the highway at the scene.

Harris v. Clark, supra, 251 Iowa 807, 103 N.W.2d 215, and Pinckney v. Watkinson, 254 Iowa 144, 116 N.W.2d 258, are among decisions which fully support submission of the claim of emergency as a legal excuse.

It should be pointed out that plaintiff, as well as defendants, claimed a legal excuse for violation of statutory provisions and the jury was instructed to consider the claim as to all parties. This was an important aid to plaintiff in avoiding a finding of contributory negligence from stopping his vehicle upon the paved portion of the highway in violation of section 321.354, Code, 1962.

V. There is no merit to plaintiff's assigned error in the court's refusal to submit to the jury one of the four forms of verdict plaintiff requested as to each case, i.e., plaintiff's and his wife's. The first three requested forms were submitted without change. One of the three was to be used in the event the verdict was against both or either of the defendants. The fourth requested form stated, "We, the jury, find in favor of the defendants [naming them] and against the plaintiff [naming him]." In lieu of this request this form was submitted: "We, the jury, find that plaintiff [naming him] is not entitled to any recovery."

Plaintiff objected to the form submitted because it was framed in the negative rather than in favor of defendants and against plaintiff, which was alleged to be the proper way. Plaintiff's counsel seems to think the form the court submitted was easier for the jury to accept than was the one requested. It is not suggested the form submitted was not clear and readily understood nor that the jury was misled by its use. We see no impropriety nor prejudice to plaintiff here. Exchange National Bank v. McCaffery, 175 Iowa 451, 459, 157 N.W. 209; 89 C. J. S., Trial, section 496; 53 Am. Jur., Trial, section 1035.

Other contentions on plaintiff's appeal have been considered and found not to merit discussion.

VI. Defendant Herman Bros. has cross-appealed and assigns as error the court's failure to direct a verdict in its favor on the ground of insufficient evidence to show its driver was negligent in causing the Peter Pan vehicle to collide with plaintiff's car or in injuring him. Apparently the cross-appeal was taken in the hope of securing a favorable holding from us upon the point raised in the event of a reversal on plaintiff's appeal and another trial. Since we affirm the judgment on plaintiff's appeal it is sufficient for us to point out that the error assigned on the cross-appeal was rendered nonprejudicial and, as frequently stated, cured by the jury's verdict and judgment thereon against plaintiff. Spry v. Lamont, supra, 257 Iowa 321, 325, 326, 132 N.W.2d 446, 449, and citations; Pressley v. Stone, 214 Iowa 449, 451, 239 N.W. 567, 568; City of Corning v. Iowa-Nebraska Light & Power Co., 225 Iowa 1380, 1391, 1392, 282 N.W. 791.

Upon both plaintiffs' appeals and Herman Bros.' cross-appeal the judgment is—Affirmed.

All JUSTICES concur.