# IN THE COURT OF APPEALS OF IOWA

No. 16-1515
Filed August 2, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DELRAY DANIEL GOULETTE,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Plymouth County, Robert J. Dull, District Associate Judge.

        Delray Goulette appeals from convictions of three counts of criminal trespass. **AFFIRMED.**

        Robert B. Brock II of the Law Office of Robert B. Brock II, P.C., Le Mars, for appellant.

        Thomas J. Miller, Attorney General, and Kyle P. Hanson, Assistant Attorney General, for appellee.

        Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

Delray Goulette, an avid hunter, drove his truck onto three parcels of property he did not own and lacked permission to enter. His truck got stuck on one of the parcels. The next morning, Goulette checked the forecast and learned rain was expected at noon. He asked a friend to help him retrieve the truck. When their efforts were unsuccessful, Goulette enlisted the help of a farmer, who drove his front-end loader to the site. There was a downpour, the front-end loader slid into a ravine, and Goulette did not retrieve his truck that day or for another three weeks.

The State charged Goulette with three counts of trespass, in violation of Iowa code sections 716.7 and 716.8(2) (2015). A jury found him guilty as charged.

On appeal, Goulette contends the district court should have instructed the jury on the "act of God" defense and on his lack of responsibility "for any damage done by" the farmer. The State preliminarily responds with error preservation and waiver-of-error concerns. We elect to bypass these concerns and proceed to the merits. *See, e.g.*, *State v. Taylor*, 596 N.W.2d 55, 56 (Iowa 1999); *Wright v. State*, No. 98-1581, 2000 WL 564037, at *3 (Iowa Ct. App. May 10, 2000).

A requested instruction must be given if it "correctly states the law, has application to the case, and is not stated elsewhere in the instructions." *State v. Martinez*, 679 N.W.2d 620, 623 (Iowa 2004) (quoting *State v. Kellogg*, 542 N.W.2d 514, 516 (Iowa 1996)). Our review of "[a]lleged errors in the submission or refusal to submit jury instructions" is for "correction of errors at law." *State v.*

*Tipton*, ___ N.W.2d ___, ___, 2017 WL 2705390, at *31 (Iowa 2017) (citing *Alcala v. Marriott Int'l, Inc.*, 880 N.W.2d 699, 707 (Iowa 2016)).

"The act of God defense 'is founded upon reason and justice that one should not be held responsible for that which he could not have reasonably anticipated, and could not have taken reasonable precautions to guard against.'" *Lanz v. Pearson*, 475 N.W.2d 601, 603 (Iowa 1991) (quoting *Oakes v. Peter Pan Bakers, Inc.*, 138 N.W.2d 93, 98 (Iowa 1965)). Goulette's proposed instruction defined an act of God as "[a]n injury to person or property caused directly and exclusively by natural causes, without human intervention, and which could not have been prevented by the exercise of reasonable care and foresight." If the jury found "1. That the act of God occurred; and 2. That the act of God was the sole cause of the damage," the jury would also have been obligated to find Goulette not guilty. The proposed instruction was premised on the rainfall on the day of the attempted truck retrieval.

Assuming without deciding that the act of God instruction correctly stated the law and was not stated elsewhere in the instructions, it had no application to the case. *See id.* at 603-04. While rain fell, it was indisputably anticipated by Goulette and it was indisputably not the sole cause of damage to the properties. *Compare id.* (concluding act of God instruction was improper where individuals were aware of inclement weather conditions), *with Oakes*, 138 N.W.2d at 98 (concluding act of God instruction was proper where weather conditions were "an extraordinary manifestation of nature not reasonably anticipated"). Because the instruction was unsupported by the evidence, the district court did not err in declining to give it.

Goulette's request to instruct the jury that he should be absolved of responsibility for damage caused by the farmer suffers the same fate but for a different reason—it was an inaccurate statement of the law.

The jury was instructed that the State would have to prove Goulette "caused" damage of more than $200 to each property. "Generally, causation exists in criminal law, often without much fanfare, as a doctrine justifying the imposition of criminal responsibility by requiring a 'sufficient causal relationship between the defendant's conduct and the proscribed harm.'" *State v. Tribble*, 790 N.W.2d 121, 126 (Iowa 2010) (quoting *State v. Marti,* 290 N.W.2d 570, 584 (Iowa 1980)). "When causation does surface as an issue in a criminal case, our law normally requires us to consider if the criminal act was a factual cause of the harm." *Id.* at 126-27. "The conduct of a defendant is a 'factual cause of harm when the harm would not have occurred absent the conduct.'" *Id.* at 127 (quoting Restatement (Third) of Torts: Liability for Physical and Emotional Harm § 26, at 346 (Am. Law Inst. 2010)). This is known as the "but for" test. *Id.*

Goulette's proposed instruction stating he "is not responsible for any damage done by" the farmer is at odds with the but for test, which, as applied, would lead to a determination that but for Goulette's decision to trespass, the truck would not have become wedged in the ground, he would not have needed to ask for the farmer's help, the farmer would not have traversed the property with his front-end loader, and the properties would not have been damaged.

Because Goulette's proposed instruction on the farmer's responsibility relative to his was an incorrect statement of the law, the district court did not err in declining to give it.

We affirm Goulette's convictions of three counts of trespass.

**AFFIRMED.**