# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1603

_____

|  |  |  |
|---|---|---|
| Michael Dunham Murphy, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Missouri Department of Corrections, | * | Western District of Missouri. |
| Winfrey Dickerson, Dora B. Schriro, | * | |
| Elijah Nagbe, Steve Long, Michael | * | |
| Kemna, Larry Crawford, Lawrence | * | |
| Morganfield, David Man Sin GH, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: May 14, 2007
Filed: November 8, 2007

_____

Before LOKEN, Chief Judge, JOHN R. GIBSON, and WOLLMAN, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

This case is once again before us. See Murphy v. Mo. Dep't of Corr., 372 F.3d 979 (8th Cir. 2004) (Murphy I). In Murphy I, we reversed and remanded for further proceedings the district court's grant of summary judgment in favor of the appellees on Michael Dunham Murphy's First Amendment free speech claim, brought pursuant to 42 U.S.C. § 1983, and his claim brought pursuant to the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc et seq. Id. at 985-89.

On remand, the jury returned a verdict in favor of the appellees on both claims. The district court[1] denied Murphy's motion for a new trial, from which Murphy now appeals. We affirm.

## I.

The factual and procedural background of this case is detailed in <u>Murphy I</u>, and we recount and supplement the relevant background as follows. Murphy is incarcerated at the Crossroads Correctional Center in Cameron, Missouri. He is a practicing member of the Christian Separatist Church Society (CSC), a religious group that allows only Caucasians to be members and which believes that Caucasians are uniquely blessed by God and must separate themselves from all non-Caucasians. After the Missouri Department of Corrections (MDOC) denied his request for CSC group worship services, Murphy brought this *pro se* action against the appellees, alleging that their denial of his request violated the Establishment Clause, the Equal Protection Clause, RLUIPA, and his right to the free exercise of religion. Murphy also alleged that the appellees violated his right to free speech when, pursuant to the MDOC's censorship policy, prison officials refused to provide him with Issue #36 of "The Way," a CSC publication that Murphy had received in the mail. As indicated above, we reversed the district court's grant of summary judgment only on Murphy's RLUIPA and First Amendment free speech claims.

## II.

Murphy raises a number of issues on appeal, which we will address in turn.

---

[1]The Honorable Gary Fenner, United States District Judge for the Western District of Missouri.

## A. Jury Instructions

Although he alleges that he preserved for appeal his arguments concerning the jury instructions, the record reveals that Murphy, who proceeded pro se at trial and up until oral argument before this court, made no objections to the jury instructions at trial, as required by Fed. R. Civ. P. 51.[2]  See Dupre v. Fru-Con Eng'g Inc., 112 F.3d 329, 333 (8th Cir. 1997).  We therefore review the contested jury instructions for plain error only, under which we will reverse "only in 'the exceptional case where the error has seriously affected the fairness, integrity, or public reputation of judicial proceedings.'"  Daggitt v. United Food & Commercial Workers Int'l Union, Local 304A, 245 F.3d 981, 985 (8th Cir. 2001) (quoting Figge Auto Co. v. Taylor, 325 F.2d 899, 907 (8th Cir. 1964)).

### i. Instruction 14 (RLUIPA Claim)

Murphy contends that portions of jury instruction 14, which set forth what Murphy was required to prove to prevail on his claim that the denial of CSC group services constituted a violation of RLUIPA, were erroneous.[3]  Specifically, Murphy

---

[2]Murphy's inquiry to the district court whether the "instructions that we submitted have been considered and denied" did not constitute an objection to the jury instructions that were given.

[3]RLUIPA, in relevant part, provides:

No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates that imposition of the burden on that person –
(1) is in furtherance of a compelling governmental interest; and
(2) is the least restrictive means of furthering that compelling governmental interest.

asserts that the first element of the instruction, which required that the jury find that the "Plaintiff requested racially-segregated group services for the Christian Separatist Church" in order to return a verdict in his favor, precluded him from prevailing on this claim because he had never requested that the group services be racially segregated.[4] He points to a note sent by the jury indicating that it did not believe that he had requested such services.[5] In response to the note, the district court stated, "As

---

42 U.S.C. § 2000cc-1(a) (2003).

[4]Instruction 14 states:

Your verdict must be for the plaintiff on his religious exercise claim against the defendants if all of the following elements have been proved by the greater weight of the evidence:
*First*, Plaintiff requested racially-segregated group services for the Christian Separatist Church; and
*Second*, Defendants denied racially-segregated group services for the Christian Separatist Church; and
*Third*, Racially-segregated group services are a sincerely held tenet or belief central or fundamental to Christian Separatist Church doctrine; and
*Fourth*, Plaintiff's right to freely exercise his sincerely held religious beliefs is substantially burdened by the denial of racially-segregated group services for the Christian Separatist Church.
A "substantial burden" must be more than just an inconvenience. A "substantial burden" is instead government conduct that pressures the plaintiff to commit an act forbidden by his religion or prevents him from engaging in conduct mandated by his faith.
However, your verdict must be for the defendants if any of the above elements has not been proved by the greater weight of the evidence or if the defendants are entitled to a verdict under Instruction No. 15.

[5]The jury's note stated, "Should we rule in favor of the defendant if (Item 1) Plaintiff requested racially-segregated services is 'not true'? This does not seem logical."

-4-

submitted to you plaintiff's request in this case is for racially-segregated group services for the Christian Separatist Church."[6] Murphy contends that this response prevented the jury from performing its function as an independent factfinder.

The district court's response was not prejudicial to Murphy, for it relieved him of the need to establish an element that he was required to prove in order to prevail on his RLUIPA claim under the theory and evidence upon which the case was submitted.

Murphy also asserts that the third element of instruction 14, which required him to prove that "[r]acially-segregated services are a sincerely held tenet or belief central or fundamental to Christian Separatist Church doctrine," was erroneous. He contends that RLUIPA does not require that the burdened religious exercise be a sincerely held tenet or belief central or fundamental to CSC doctrine. See 42 U.S.C. § 2000cc-5(7)(A) ("The term 'religious exercise' includes any exercise of religion, whether or not compelled by, or central to, a system of religious belief."). Whether or not RLUIPA's definition includes such a requirement, we have held that it is necessary to show that the existence of a sincerely held tenet or belief that is central or fundamental to an individual's religion is a prerequisite to a "substantially burdened" claim under RLUIPA.[7] Again, because Murphy did not object to this instruction, we

---

[6]The district court also stated in its reply to the jury's note that, "Plaintiff must prove all of the elements as submitted in Instruction No. 14 to prevail on his religious exercise claim."

[7]In Murphy I, we explained that, to constitute a substantial burden, the government actions

> must significantly inhibit or constrain conduct or expression that manifests some central tenet of a [person's] individual [religious] beliefs; must meaningfully curtail a [person's] ability to express adherence to his or her faith; or must deny a [person] reasonable opportunities to engage in those activities that are fundamental to a [person's] religion.

-5-

review for plain error only.  Given our holding in <u>Murphy I</u>, the district court did not plainly err, if indeed it erred at all, in giving the challenged instruction.

### ii. Instructions concerning Murphy's Free Speech Claim

Murphy contends that the district court also erred in not giving a supervisory liability instruction on his free speech claim.  He argues that if such an instruction had been given, the MDOC would have been included in the list of defendants on the verdict form on the free speech claim and the jury would have returned a verdict against the MDOC on this claim.[8]  He also asserts that a supervisory liability instruction would have permitted the jury to find other defendants liable.  Murphy did not propose such an instruction, however, nor did he object to the instructions as given at trial.  Murphy's proposed instructions regarding his free speech claim addressed only direct liability, and the supervisory instruction Murphy did proffer related only to his RLUIPA claim.  Accordingly, the lack of such instruction did not constitute plain error.  <u>See</u> <u>United States v. Yellow Hawk</u>, 276 F.3d 953, 956 (8th Cir. 2002) (finding no plain error when the district court did not instruct the jury on a defense that was not addressed by counsel and the proposed instructions were not objected to at trial).

---

<u>Murphy I</u>, 372 F.3d at 988 (alteration in original) (quotations omitted).  We additionally implied that the religious belief must be sincerely held.  <u>Id.</u>

[8]As support for his contention, Murphy points to a note submitted to the district court by the jury which stated, "Are we only to determine whether free speech was denied of Mr. Murphy by the listed defendants <u>only</u>, and not by the 'MDOC' as defined as representatives of and/or supervisors of these defendants?  In other words, there are departmental responsibilities.  Mr. Murphy may not have named the correct individuals."  The district court responded, "You can only consider Mr. Murphy's free speach (sic) claim against the listed defendants not against 'MDOC.'  You must follow the instructions and verdict forms as given."

Murphy also asserts that his free speech claim should have been treated as a RLUIPA claim rather than as a claim arising under 42 U.S.C. § 1983 and that the instructions should have reflected this fact. In Murphy I, we treated Murphy's free speech claim as one arising solely under § 1983 and remanded the case for further proceedings consistent with our opinion. At trial, Murphy expressed no objections to this formulation, and his proposed jury instructions set forth a free speech claim separate from his RLUIPA claim. In addition, he raised no objection to the instructions as given to the jury. Accordingly, the district court did not commit plain error when it treated his free speech claim as a claim arising under § 1983.

## B. Motion for New Trial

We review the denial of a motion for a new trial for abuse of discretion. Jones v. TEK Industries, Inc., 319 F.3d 355, 358 (8th Cir. 2003). The grant of a motion for a new trial is appropriate only if "the verdict is against the weight of the evidence and . . . allowing it to stand would result in a miscarriage of justice." Id. (quotations omitted).

As support for his argument that the verdict is against the weight of the evidence, Murphy points only to the above referenced notes submitted by the jury, asserting that they indicate that the jury would have returned a verdict in his favor had the instructions not precluded it from doing so. In light of our holding that the instructions did not constitute reversible error, the district court did not abuse its discretion in denying the motion for a new trial.

## C. Exclusion of Evidence

Murphy raises two evidentiary issues, both of which are without merit. First, he asserts that he had intended to present the affidavits of other inmates to show that others were interested in CSC services, but did not do so because the district court had sustained an objection to a question Murphy had asked a witness regarding the interest other inmates had in CSC services. Because Murphy did not attempt to introduce this evidence at trial, he cannot now assert that its absence constitutes prejudicial error. Second, he contends that the district court erred when, prior to trial, it concluded that the testimony of one of Murphy's proposed witnesses would not be relevant and precluded her from testifying. Murphy failed to make an offer of proof regarding the witness's proposed testimony, however, and thus did not preserve the issue for our review. Dupre, 112 F.3d at 336 ("One of the most fundamental principles in the law of evidence is that in order to challenge a trial court's exclusion of evidence, an attorney must preserve the issue for appeal by making an offer of proof." (quotations omitted)).

## D. Motion for Reconsideration

Murphy contends that the district court erred in denying his motion for reconsideration of our prior determination in Murphy I, brought pursuant to Fed. R. Civ. P. 60(b). "We review a district court's denial of relief under Fed.R.Civ.P. 60(b) only for abuse of discretion." Arnold v. Wood, 238 F.3d 992, 998 (8th Cir. 2001). Specifically, Murphy alleges that his motion should be granted pursuant to Rule 60(b)(3) and Rule 60(b)(6). To prevail on a motion under Rule 60(b)(3), "the movant must show, 'with clear and convincing evidence, that the opposing party engaged in a fraud or misrepresentation that prevented the movant from fully and fairly presenting its case.'" United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 935 (8th Cir. 2006) (quoting Harley v. Zoesch, 413 F.3d 866, 870 (8th Cir. 2005)). "Relief is available under Rule 60(b)(6) only where exceptional circumstances have denied

the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." Zoesch, 413 F.3d at 871.

Murphy's central argument regarding his motion for reconsideration is that the record now contains evidence showing that racial separatism is a tenet of two other religious groups that are allowed to conduct services in the correctional center and that if this evidence had been before us in Murphy I, we would not have affirmed the grant of summary judgment on Murphy's equal protection claim. He asserts that relief is available to him under Rule 60(b)(3) because this evidence contradicts the affidavit submitted by one of the defendants, thereby rendering the affidavit fraudulent. While this evidence does contradict the affidavit, it alone does not constitute clear evidence of fraudulent conduct on the defendants' part. In addition, Murphy does not show how the affidavit, even if fraudulent, prevented him from fairly presenting his case. As to Murphy's request for relief under Rule 60(b)(6), he does not point to any exceptional circumstances that would have prevented him from obtaining a fair opportunity to litigate his claim or receiving an adequate redress. Accordingly, the district court did not err in denying the motion for reconsideration.

We have considered and find to be without merit Murphy's arguments pertaining to the district court's denial of his discovery motions and its order regarding Murphy's post-trial communication with the jurors.

The judgment is affirmed.

_____