# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3533

_____

Bryan Lyons,                                  *
                                              *
              Appellant,                      *
                                              *    Appeal from the United States
      v.                                      *    District Court for the
                                              *    Western District of Missouri.
Jody Pryor,                                   *
                                              *         [UNPUBLISHED]
              Appellee.                       *

_____

Submitted: September 8, 2009
Filed: September 15, 2009

_____

Before WOLLMAN, RILEY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Bryan Lyons (Lyons) appeals from the district court's[1] order denying post-judgment motions he filed following the dismissal of his civil action against his former landlord, Jody Pryor. Upon careful review, we conclude the district court did not abuse its discretion in denying Lyons's motions. See Murphy v. Mo. Dep't of Corr., 506 F.3d 1111, 1117 (8th Cir. 2007) (standard for reviewing denial of Fed. R. Civ. P. 60(b) motion); United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006) (standard for reviewing denial of Fed. R. Civ. P. 59(e) motion);

_____

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

Am. Boat Co. v. Unknown Sunken Barge, 418 F.3d 910, 913 (8th Cir. 2005) (standard for reviewing denial of Fed. R. App. P. 4 motion).

Lyons's motions for reconsideration and to reopen were untimely under Federal Rule of Civil Procedure 59(e) (party must file motion to alter or amend a judgment "no later than 10 days after the entry of the judgment"), and—even assuming those motions asserted grounds for relief from judgment under Federal Rule of Civil Procedure Rule 60(b)(3) (court may relieve party from final judgment in case of fraud, misrepresentation, or misconduct by opposing party)—Lyons's broad and unsubstantiated allegations were insufficient to support relief, see Greiner v. City of Champlin, 152 F.3d 787, 789 (8th Cir. 1998) ("To prevail under Rule 60(b)(3), the movant must show by clear and convincing evidence that his opponent engaged in a fraud or misrepresentation that prevented the movant from fully and fairly presenting his case."). As to Lyons's motion for leave to file an untimely appeal, that motion was untimely because Lyons filed it 27 days after he received notice of the entry of the judgment. See Fed. R. App. P. 4(a)(6) (motion to reopen time to file appeal must be filed "within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice . . . of the entry, whichever is earlier.")

We affirm. See 8th Cir. R. 47B.

_____