# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 08-1800/1834

_____

| | | |
|---|---|---|
| Roy Eugene Harris, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeals from the United States |
| | * | District Court for the |
| Jim Moore, Superintendent, Northeast | * | Eastern District of Missouri. |
| Correctional Center; Mary Reardon, | * | |
| Assistant Superintendent, Northeast | * | [UNPUBLISHED] |
| Correctional Center; James Gammon, | * | |
| Superintendent, Moberly Correctional; | * | |
| Tom Anderson, Assistant | * | |
| Superintendent, Moberly Correctional | * | |
| Center; Steve Long, Zone Director, | * | |
| Missouri Department of Corrections; | * | |
| Wendy Alexander; Terry Barnes; | * | |
| Sherry Blattel-Dunseith, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: October 14, 2009
Filed: October 15, 2009

_____

Before BYE, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Missouri inmate Roy Harris brought suit, claiming various prison officials violated his rights under the Religious Land Use and Institutionalized Persons Act

(RLUIPA) by placing restrictions on the number of religious services he could attend and on his incoming mail. The district court[1] granted summary judgment for defendants. The court also denied Harris's motion to alter or amend judgment, and granted defendants' motion for costs. Harris appeals.

Upon de novo review, we conclude the district court did not err in granting summary judgment for defendants because Harris did not show that defendants' actions placed a substantial burden on his ability to exercise his religion. *See Van Wyhe v. Reisch*, Nos. 08-1409, 08-1413, 2009 WL 2879980, at \*10 (8th Cir. Sept. 10, 2009) (to make out prima facie RLUIPA claim, inmate must show, as threshold matter, that there is substantial burden on his ability to exercise his religion; government policy imposes substantial burden on exercise of religion where it significantly inhibits or constrains religious conduct or religious expression, meaningfully curtails inmate's ability to express adherence to his or her faith, or denies inmate reasonable opportunities to engage in those activities that are fundamental to inmate's religion); *cf. Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 812, 814-15 (8th Cir. 2008) (plaintiff did not offer sufficient evidence to create genuine issue of material fact as to whether his ability to practice his religion through appropriate diet had been substantially burdened by prison meal plan, where he did not show inadequacy of alternative means by which he could practice his faith); *Weir v. Nix*, 114 F.3d 817, 819-21 (8th Cir. 1997) (holding that 3 hours of group worship per week provided fundamentalist Christian inmate with reasonable opportunity to exercise his religion).

We also conclude that the district court did not abuse its discretion in granting defendants' motion for costs, *see* Fed. R. Civ. P. 54(d)(1) (costs – other than attorney's fees – should be allowed to prevailing party); *Craftsmen Limousine v. Ford Motor Co.*, No. 08-2214, 2009 WL 2748365, at \*1 (8th Cir. Sept. 1, 2009) (standard

---

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

of review); *Lampkins v. Thompson*, 337 F.3d 1009, 1017 (8th Cir. 2003) (no abuse of discretion in ordering costs for deposition transcripts and copying where district court considered losing party's indigency and incarceration), or in denying Harris's motion to alter or amend judgment, *see* Fed. R. Civ. P. 59(e) (motion to alter or amend judgment must be filed no later than 10 days after entry of judgment); *Arnold v. Wood*, 238 F.3d 992, 998 (8th Cir. 2001) (time period for filing Rule 59(e) motion may not be extended by court); *see also* Fed. R. Civ. P. 60(b)(1)-(6) (grounds for relief from final judgment); *Murphy v. Mo. Dep't of Corr.*, 506 F.3d 1111, 1117 (8th Cir. 2007) (standard of review for Rule 60(b) motion), *cert. denied*, 128 S. Ct. 1493 (2008).

Accordingly, we affirm.

_____