# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 08-3449

———————

| | |
|---|---|
| Joseph Dixon, | * |
| | * |
| Appellant, | * |
| | * |
| v. | *   Appeal from the United States |
| | *   District Court for the |
| Deutsche Bank National Trust | *   District of Minnesota. |
| Company; Nationscredit Home Equity | * |
| Loan Trust; Select Portfolio Servicing, | *   [UNPUBLISHED] |
| Inc.; Fairbanks Capital Corporation; | * |
| Balboa Life and Casualty, | * |
| | * |
| Appellees. | * |

———————

Submitted: December 28, 2009
Filed: January 13, 2010

———————

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

———————

PER CURIAM.

Joseph Dixon appeals the district court's[1] adverse grant of summary judgment and denial of his motion to reopen a default judgment. After careful de novo review, viewing the evidence and all fair inferences from it in the light most favorable to

---

[1]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota, adopting the reports and recommendations of the Honorable Raymond L. Erickson, United States Magistrate Judge for the District of Minnesota.

Dixon, see Johnson v. Blaukat, 453 F.3d 1108, 1112 (8th Cir. 2006), we find no reversible error.

First, as to the claims related to the foreclosure of Dixon's property and the insurance policies provided by Balboa Life and Casualty, we conclude that summary judgment was proper for the reasons stated by the district court. Second, we conclude that the remaining claims against Deutsche Bank National Trust Company, Nationscredit Home Equity Loan Trust, Select Portfolio Servicing, Inc., and Fairbanks Capital Corporation were barred by res judicata. See United States v. Brekke, 97 F.3d 1043, 1047 (8th Cir. 1996) (listing factors determining whether res judicata applies); see also Yankton Sioux Tribe v. U.S. Dep't of Health & Human Servs., 533 F.3d 634, 639 (8th Cir. 2008) (under res judicata, final judgment on merits of action precludes parties from relitigating issues that were or could have been raised in that action); In re Marlar, 267 F.3d 749, 754 (8th Cir. 2001) (describing privity requirement). Further, we conclude that the district court did not abuse its discretion in denying Dixon's motion to reopen the default judgment. See Murphy v. Mo. Dep't of Corr., 506 F.3d 1111, 1117 (8th Cir. 2007) (standard of review).

The district court also enjoined Dixon from filing any further lawsuits in the district court unless the pleadings are signed, pursuant to Federal Rule of Civil Procedure 11, by an attorney admitted to the court, or a judicial officer has authorized the filing of such pleadings in advance. In these circumstances, we believe it is appropriate to modify the injunction so that it prohibits Dixon, absent compliance with the listed requirements, from filing in the district court any further lawsuits related to the mortgage or foreclosure on his property. See Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817-19 (4th Cir. 2004); Safir v. U.S. Lines, Inc., 792 F.2d 19, 25 (2d Cir. 1986).

Accordingly, we affirm the judgment as modified.  We deny Dixon's motions for sanctions.

_____