**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 15, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

BLADIMIR ELISEO REAL-
MENDOZA,

Petitioner,

v.

WILLIAM P. BARR, United States
Attorney General,

Respondent.

No. 19-9552
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **HOLMES** and **BACHARACH**,
Circuit Judges.

_____

Mr. Bladimir Eliseo Real-Mendoza is a Nicaraguan citizen who

entered the United States in the 1990s. Because he lacked permission to

enter, the government requested removal to Nicaragua. In the hearing on

this request, Mr. Real-Mendoza admitted that he was removable. But he

---

[*]     Oral argument would not materially help us to decide this appeal, so
we have decided the appeal based on the appellate briefs and the record on
appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

        This order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But the order and judgment may be cited for its persuasive value if
otherwise appropriate. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

asked the immigration judge for two remedies that would allow him to remain in the United States: Asylum and protection under the Convention Against Torture.[1] The immigration judge rejected both requests. Mr. Real-Mendoza appealed to the Board of Immigration Appeals and, in the alternative, requested a remand to allow him to apply to the immigration judge for cancellation of removal.

The Board decided that Mr. Real-Mendoza didn't qualify for any of these remedies, and Mr. Real-Mendoza filed a petition for review. We deny the petition as to the denial of asylum and protection under the Convention Against Torture. But we grant the petition as to the denial of remand to consider cancellation of removal. The Board erred in deeming Mr. Real-Mendoza ineligible, so we remand for the Board to reconsider whether to grant the motion to remand.

**Background**

**I.    Mr. Real-Mendoza enters the United States after his cousins are killed in Nicaragua.**

In 1992, two of Mr. Real-Mendoza's cousins were killed in Nicaragua. The police saw the killing, and Nicaraguan officials charged the killer with murder. He claimed self-defense and obtained an acquittal.

---

[1]    He also asked for withholding of removal, but he does not address the denial of this remedy in his petition for review.

The family of the victims apparently had a right to appeal the outcome. *See* Código Procesal Penal, La Gaceta, Dec. 24, 2001, arts. 362, 380 (stating that in criminal cases, the family members of a deceased victim can appeal the decision). As the family considered whether to appeal, someone threatened Mr. Real-Mendoza and his uncle. Months after these threats, someone shot at Mr. Real-Mendoza in his car. More threats came about a year later, and Mr. Real-Mendoza fled to the United States in about 1994. He left and returned to the United States in 2004.

## II. The agency orders removal and denies Mr. Real-Mendoza's request for cancellation of removal.

About 6-½ years after his last entry into the United States, the government started removal proceedings. In these proceedings, Mr. Real-Mendoza requested asylum and protection under the Convention Against Torture. The immigration judge rejected these requests and ordered removal. Mr. Real-Mendoza appealed and asked the Board of Immigration Appeals in 2018 to remand so that he could apply for cancellation of removal. The Board affirmed and rejected the request to remand, deeming Mr. Real-Mendoza ineligible for cancellation of removal.

## Jurisdiction

The threshold issue is jurisdiction of the immigration judge. Federal regulations state that the immigration judge obtains jurisdiction upon the filing of a charging document, such as a notice to appear. 8 C.F.R.

3

§§ 1003.13, 1003.14(a). By statute, the notice to appear must say when and where the hearing would take place. 8 U.S.C. § 1229(a)(1)(G)(i). But Mr. Real-Mendoza's notice to appear omitted the time of the removal proceeding. Given this omission, Mr. Real-Mendoza argues that the immigration judge lacked jurisdiction to order removal.

We have rejected this argument in two precedential opinions: *Lopez-Munoz v. Barr*, 941 F.3d 1013, 1018 (10th Cir. 2019), and *Martinez-Perez v. Barr*, 947 F.3d 1273, 1278 (10th Cir. 2020). Given these precedents, we conclude that the immigration judge had jurisdiction to order removal.

**Asylum and Protection Under the Convention Against Torture**

Mr. Real-Mendoza argues that the agency erred in denying asylum and protection under the Convention Against Torture. We reject these arguments.

Because the immigration judge had jurisdiction, we consider the merits of his decisions as to asylum and protection under the Convention Against Torture. Both decisions involve relief based on past or future mistreatment in Nicaragua. For example, asylum can be based on past or future persecution. 8 U.S.C. § 1101(a)(42)(A). Protection under the Convention Against Torture is available only when noncitizens face the likelihood of torture in their countries of citizenship. *Elzour v. Ashcroft*, 378 F.3d 1143, 1150 (10th Cir. 2004).

The immigration judge disallowed either asylum or protection under the Convention Against Torture, and the Board of Immigration Appeals affirmed both decisions. We lack any basis to disturb the Board's decisions.

**I.    The agency had substantial evidence for the findings on persecution and torture.**

The threshold issue is whether the agency had substantial evidence for the findings on persecution and torture.

**A.    We apply deferential review.**

The Board affirmed the immigration judge's factual findings, and we review those findings only to determine whether they were based on substantial evidence. *Sarr v. Gonzales*, 474 F.3d 783, 788 (10th Cir. 2007). The evidence was substantial "unless any reasonable adjudicator would [have been] compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

**B.    Substantial evidence existed for the findings on asylum.**

Asylum can be based either on past persecution or fear of future persecution. *Tulengkey v. Gonzales*, 425 F.3d 1277, 1280 (10th Cir. 2005). Either way, the persecution must be based on race, religion, nationality, political opinion, or membership in a particular social group. *Id.*

Mr. Real-Mendoza alleged both past persecution and fear of future persecution, tying them to his political opinions and a particular social group (his family).

1. **The agency had substantial evidence for the findings on past persecution.**

In alleging past persecution, Mr. Real-Mendoza relied primarily on the fact that someone had tried to shoot him. Mr. Real-Mendoza suspected an effort to intimidate his family against appealing the acquittal. The immigration judge believed Mr. Real-Mendoza's account, but found that Mr. Real-Mendoza hadn't linked the shooting to his family ties because he couldn't identify the shooter.

The agency had substantial evidence for this finding. Mr. Real-Mendoza admits that he didn't know who the shooter was, so the agency could reasonably conclude that the shooting hadn't related to the killing of the cousins.

2. **The agency had substantial evidence for the findings on future persecution.**

Mr. Real-Mendoza also argues that he fears future persecution even if he hadn't experienced it in the past. To prevail, he needed to prove that his fear was both genuine and objectively reasonable. *Yuk v. Ashcroft*, 355 F.3d 1222, 1233 (10th Cir. 2004). The immigration judge found that Mr. Real-Mendoza's alleged fears were not objectively reasonable, and the Board upheld this finding.

6

The immigration judge based his finding on five aspects of the evidence:

1.    Neither Mr. Real-Mendoza nor his uncle had received any threats in the last 23 years.

2.    The State Department's report on Nicaragua did not indicate widespread retribution for complaints about criminality.

3.    Mr. Real-Mendoza's involvement with politics had been limited.

4.    Mr. Real-Mendoza lacked any evidence that his cousins had been killed because of their political views.

5.    The killer of the two cousins had obtained an acquittal based on self-defense.

Given these five aspects of the evidence, the immigration judge could justifiably regard the fear of persecution as objectively unreasonable.

Mr. Real-Mendoza disagrees, arguing that political opposition had spurred the threats, the killing of his cousins, and the attempted shooting of himself. But the agency could reasonably reject this argument based on the acquittal of the person who had killed the two cousins, the absence of any evidence suggesting a political motive for the attempted shooting of Mr. Real-Mendoza, and the absence of any threats in the last 23 years.

### C.    We lack any basis to disturb the agency's findings on protection against torture.

Mr. Real-Mendoza also argued to the Board that the agency should have found a likelihood of torture upon his return to Nicaragua. The Board

rejected this argument, and we lack any basis to disturb the agency's findings.

Mr. Real-Mendoza's argument was based on the Convention Against Torture. Under this Convention, Mr. Real-Mendoza had to show that (1) he would likely suffer torture upon returning to Nicaragua and (2) the torture would likely occur with the involvement or acquiescence or other involvement of public officials. *Sidabutar v. Holder*, 506 F.3d 1116, 1125 (10th Cir. 2007).

In concluding that Mr. Real-Mendoza failed to satisfy his burden, the immigration judge relied on (1) Mr. Real-Mendoza's failure to prove the reasons for the killing of his cousins and the effort to shoot him and (2) the absence of any evidence regarding governmental involvement or acquiescence in the killings or attempted shooting. Mr. Real-Mendoza questions these findings, but the immigration judge could reasonably conclude that Mr. Real-Mendoza had failed to show a likelihood that he would experience torture upon returning to Nicaragua or the involvement or acquiescence of public officials. We thus conclude that the agency had substantial evidence to reject Mr. Real-Mendoza's argument based on the likelihood of torture in Nicaragua.

## II. The immigration judge adequately developed the record.

Mr. Real-Mendoza also argues that the immigration judge failed to adequately develop the record, pointing out that he lacked an attorney

during the removal proceedings. According to Mr. Real-Mendoza, the immigration judge should have explored the potential connection between his persecution and his familial tie to the two cousins. The immigration judge did consider this possibility, rejecting it based on the absence of any threats once the criminal proceedings ended.

### III. Mr. Real-Mendoza failed to show bias of the immigration judge.

Mr. Real-Mendoza also argues that the immigration judge was biased. For this argument, Mr. Real-Mendoza alleges that the immigration judge

- failed to ask any follow-up questions about the killing of the two cousins and

- refused to continue the removal proceedings in order to allow the translation of documents involving the killings.

We reject these allegations.

The first allegation is incorrect: When Mr. Real-Mendoza testified that his cousins had been killed, the immigration judge asked numerous follow-up questions. Mr. Real-Mendoza hasn't said what else the immigration judge should have asked.

The immigration judge also had a reasonable basis to proceed without a translation of the documents. The immigration judge regarded the documents as immaterial because Mr. Real-Mendoza had testified credibly about the killings. Given the decision to credit Mr. Real-Mendoza's account, the immigration judge could reasonably conclude that the

9

documents would provide little help. Even now, Mr. Real-Mendoza doesn't say what else the documents would have shown.[2]

## Cancellation of Removal

Mr. Real-Mendoza also contends that the Board erred in deeming him ineligible for cancellation of removal. We agree with Mr. Real-Mendoza.

Cancellation of removal is a discretionary remedy that allows the Attorney General to cancel a removal order. *Torres de la Cruz v. Maurer*, 483 F.3d 1013, 1019–20 (10th Cir. 2007). But cancellation of the removal order would be available only if Mr. Real-Mendoza files his application after continuously residing in the United States for at least ten years. 8 U.S.C. § 1229b(b)(1)(A).

To decide if someone has resided in the United States for at least ten years, the agency applies the stop-time rule. 8 U.S.C. § 1229b(d)(1)(A). Under this rule, the period of continuous residence stops upon service of a valid notice to appear. *Id.* But the notice is valid only if it includes the time and place of the proceedings. 8 U.S.C. § 1229(a)(1)(G)(i). If the time or place is omitted, the period of continuous residence doesn't stop. *Pereira v. Sessions*, 138 S. Ct. 2105, 2110 (2018). Mr. Real-Mendoza's notice to appear omitted the time of the proceedings.

---

[2]     Mr. Real-Mendoza also suggests that the immigration judge improperly disallowed a continuance. But we lack jurisdiction to consider this suggestion because he did not present it to the Board. *See Sidabutar*, 503 F.3d at 1118-19, 1122.

The government contends that the period of continuous residence should have stopped upon service of the notice of hearing, which contained the time of the proceeding. We rejected this contention in *Banuelos-Galviz v. Barr*, 953 F.3d 1176, 1184 (10th Cir. 2020). Under *Banuelos-Galviz*, the notice of hearing didn't stop the period of continuous residence.[3]

That period continued to run and ultimately exceeded ten years by the time that Mr. Real-Mendoza sought an opportunity to apply for cancellation of removal. So the lack of continuous residence did not render him ineligible for cancellation of removal.

The agency has discretion whether to cancel removal, and other eligibility requirements exist. *See* p. 10, above (discretion); 8 U.S.C. § 1229b(b)(1)(B)–(D) (other eligibility requirements). But the Board shouldn't have deemed Mr. Real-Mendoza ineligible for this relief based on a failure to continuously reside in the United States for at least ten years.

## Conclusion

The agency didn't err in denying asylum or protection under the Convention Against Torture. In denying these forms of relief, the agency permissibly relied on factual findings supported by substantial evidence.

---

[3]    The Board had issued its decision before we decided *Banuelos-Galviz*, so the Board understandably relied on its own contrary precedent.

And Mr. Real-Mendoza hasn't shown bias or a failure to develop the record.

But the Board erred in deeming Mr. Real-Mendoza ineligible for cancellation of removal based on the stop-time rule. Mr. Real-Mendoza had resided continuously in the United States for at least ten years, so the agency shouldn't have deemed him ineligible based on a lack of continuous residence. We thus grant the petition in error and remand to the Board with instructions to reconsider Mr. Real-Mendoza's motion to remand. We otherwise deny the petition for review.

Entered for the Court

Robert E. Bacharach
Circuit Judge

12